## Case No. 5,312.

### The GENERAL GEO. G. MEADE.

[8 Ben. 481.] [1]

District Court, E. D. New York. June, 1876.

TUG AND TOW—DAMAGE BY STRIKING PIER—SEAWORTHINESS.

1. Where a canal boat which had been in tow by a tug was allowed to get adrift and to strike the end of a pier, but no damage resulting then discovered, and the tow proceeded, and soon after the boat was found to be sinking, but her captain refused to be towed to a place of safety and insisted on going on to his place of destination, and the canal boat thereafter sunk: *Held*, that such refusal relieved the tug from responsibility for the sinking of the boat.

[Cited in The Syracuse, 18 Fed. 831.]

2. That the tug could not be held liable for the striking of the pier by the canal boat, although it could have been prevented by diligence on the part of the tug. It appearing that the boat had not strength enough to bear the ordinary contacts and blows inseparable from navigation in the harbor.

[Cited in Mould v. The New York, 40 Fed. 902.]

In admiralty.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Starr, Hooker & Hastings, for libellants.
Beebe, Wilcox & Hobbs, for claimants.

BENEDICT, District Judge. The evidence shows that after the libellants' boat had been taken in tow by the Meade, during the operation of shifting the hawser, she was allowed to get adrift, and to strike against the pier at 42nd street. There is little doubt that the occurrence could have been prevented by the exercise of diligence on the part of the tug. But it does not follow that the subsequent sinking of the boat is to be held to be the result of the negligence which permitted the canal boat to get against the pier. For the evidence shows that the contact with the pier was not violent, and involved no more strain than is to be anticipated in the ordinary contacts of boats, with the piers and vessels in a harbor like this. All vessels must be prepared to endure this sort of contact; and it seems plain that no damage would have resulted to the libellants' boat from her contact with the pier if she had not been too weak and rotten. The subsequent fate of the boat discloses her rotten condition and indicates the real cause of her loss. The accident did not at the time lead the master of the boat to suppose that any injury had been sustained by his boat; nor was there anything to lead the tug to suppose that the occurrence had rendered it dangerous to proceed or to require any extraordinary care or precaution in the towing. No negligence therefore can be imputed to the tug by reason of her continuing her prosecution of the voyage. When afterwards the sinking condition of the boat became apparent, it was at once discovered by the tug, and the master of the tug promptly offered to take the boat to a place of safety.

The refusal of that offer by the master of the canal boat and his determination to proceed to her original place of destination relieves the tug of all responsibility for the subsequent sinking of the boat, it appearing that after the condition of the boat was known, all due care was exercised on the part of the tug, and all proper effort made to reach the destination selected by the master of the boat. The libel must accordingly be dismissed with costs.