CHARLES MORGAN, The (MOORE v.). See Case No. 9,754.

CHARLES PITMAN, The (CARRIGAN v.). See Case No. 2,444.

## Case No. 2,619.

### The CHARLES R. STONE.

Circuit Court, E. D. New York.

[Affirming Case No. 2,620. Nowhere reported; opinion not now accessible.]

## Case No. 2,620.

### The CHARLES R. STONE.

[9 Ben. 182.][1]

District Court, E. D. New York. June, 1877.[2]

COLLISION AT PIER—TUG AND TOW—HARBOR NAVIGATION—NEGLIGENCE.

1. Where a large oil-barge in tow of a tug, the C. R. S., which was endeavoring to turn her in the East river, sagged against vessels lying at the end of a pier, and the force of the blow drove one of the vessels, a tug with a flaring bow, on and over the bulwark of another tug, doing her damage: *Held*, that the oil-barge and her tug, having only sagged against the vessels by force of the tide and against their own efforts, were not guilty of any negligence.
[Distinguished in The Harry, 15 Fed. 161.]

2. That it is the duty of every vessel lying at a pier to be prepared to withstand such contact, it being one of the necessary incidents of harbor navigation; and that the negligence that caused the damage in this case was in allowing a tug with an unusually flaring bow to lie against the midships of another in such a position that, when pressed together, the strain must all come on the bulwarks of the inner vessel.
[Cited in The Echo, 19 Fed. 455; The N. B. Starbuck, 29 Fed. 798; The Howard, 30 Fed. 282; Mould v. The New York, 40 Fed. 902.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed by circuit court (case not reported).]

CHARLOTTE (Case No. 2,621)

In admiralty.

Beebe, Wilcox & Hobbs, for libellants.

Knox & Woodward, for claimants.

BENEDICT, District Judge. This action is brought to recover for injuries sustained by the tug Union, while lying at pier 19 in the East river, on the 15th day of April, 1876. The Union was moored at the end of the pier, and adjoining thereto, alongside of her, heading the same way, lay the tug Starbuck, while still outside of the Starbuck lay a large bark the Queen of the Sea.

The tug Chas. R. Stone was engaged in towing a large oil-barge, the Sweepstakes, alongside. While endeavoring to turn the barge in the East river, so as to head the strong flood tide then running, the Stone and Sweepstakes sagged up against the vessels at the end of pier 19. The Stone's engine was stopped at the time, and the vessels were borne by the mere force of the tide. When the Sweepstakes brought up no injury at all was sustained by the Sweepstakes or the Queen of the Sea, against which she sagged, but the Union lying inside was injured by the Starbuck being forced against her.

The Starbuck had a very flaring bow, and as she lay with her bow opposite the Union's midships, when the Queen of the Sea pushed the Starbuck, the bluff of the Starbuck's bow struck the bulwarks of the Union and broke the top timbers and rail, which is the damage complained of. If the Starbuck's bow had not been unusually flaring there would have been no damage, nor would there have been any injury if the bow of the Starbuck had been below the Union's water way; but the Starbuck's bow being higher than the Union's water way, and very flaring, the bow was pushed against the rail, which proved unable to sustain the pressure, and gave way.

The weight of the evidence shows that the force with which the Sweepstakes came up against the bark was not great. She simply sagged by force of the tide, and cannot be held guilty of negligence for so doing. Such a contact of vessels is one of the necessary incidents of harbor navigation, against which it is the duty of every vessel lying at the piers to be prepared; and the negligence that caused the injury in question consisted in permitting the Starbuck, with her unusually flaring bow, to lie in such a position in regard to the Union's midships, that when the vessels were pressed together by the action of the Sweepstakes, the strain came upon the bulwarks of the Union.

The libel must accordingly be dismissed, and with costs.

The decree was afterwards affirmed by the circuit court (case not reported).