## THE HARRY.*

(*District Court, E. D. New York.* January 15, 1883.)

COLLISION—CANAL-BOAT AT END OF PIER—PROPELLER.

Where a canal-boat, sound and strong, was lying at the end of a pier, and a propeller, in attempting to get into the adjoining slip, brought up against the canal-boat and injured her, *held*, that if it was necessary for the propeller to come up along-side and against the canal-boat, it was her duty to do so in an easy manner, and the propeller must be held liable for the damage resulting from the blow.

In Admiralty.

*W. W. Goodrich,* for libelant.

*Beebe, Wilcox & Hobbs,* for claimant.

BENEDICT, J. This action is to recover for injuries to the canal-boat T. S. Gray, while lying at the end of pier 46 in the North river, occasioned by a collision between the canal-boat and the propeller Harry. At the time of the collision the propeller Harry, having a barge laden with grain in tow along-side, was endeavoring to get into the slip between pier 46 and pier 45. The libelant's boat lay moored at the end of the pier, her bow down stream and projecting beyond the side of the pier. The tide was flood. The method adopted by the propeller was to come head to the tide off the end of pier 46, and then move into the slip. In accomplishing this maneuver she brought up against the canal-boat, that was lying at the end of pier 46, causing the damage sued for.

The proofs show that the canal-boat was a sound boat, able to withstand all ordinary contact with other vessels at the piers, and that she was moored in a proper manner at a place where she had the right to be. The proofs also show that the blow which she received from the Harry was a severe one. If, as contended in behalf of the propeller, it was necessary for the propeller, under the circumstances, to come up along-side and against the canal-boat, it was, nevertheless, the duty of the propeller to do so in an easy manner, without dangerous force. This duty was not discharged. The effect of the blow shows that the blow was severe. I have no doubt that the injury to the libelant's boat resulted from a want of due care on the part of the Harry.

The case differs from the case of *The Charles R. Stone,* 9 Ben. 182, relied on by the claimant. In that case the tug simply sagged in by

*Reported by R. D. & Wyllys Benedict

the tide so easily that no danger resulted from the contact. Here, a blow was given with force sufficient to break in the side of a strong boat.

There must be a decree for libelant, with an order of reference to ascertain the amount of the damage done.