## MOULD v. THE NEW YORK.

*(District Court, S. D. New York. December 31, 1889.)*

COLLISION—DAMAGES—REMOTE AND PROXIMATE CAUSE—UNSEAWORTHY BOAT.

A canal-boat loaded with ice was caused to leak by the swells of the steamer New York passing negligently. The boat could not be docked there for repairs with the cargo on board, because not strong enough; and the cost of transferring the ice would equal or exceed its value. The canal-boat was therefore sent to New York without repair, a trip of 140 miles; but, being old and weak, she foundered within 12 miles of the city, and boat and cargo were a total loss. A fit and seaworthy boat for such business would have made the trip without foundering or losing the ice, notwithstanding the leak. *Held*, that the loss of the ice by the foundering was not the proximate result of the injury done by the New York, but of the canal-boat's previously unfit condition; and that the New York was responsible only for such loss and damage to the ice as would naturally result from such an injury to a seaworthy boat, such as increased melting or injury to the ice from the water, brought in contact with it by the leak; and that the libelant, having contributed to the injury by wrongfully filling in the channel, was entitled to half such damage only.

In Admiralty.

*Hyland & Zabriskie*, for libelant.

*C. & A. Vansantvoord*, for claimant.

BROWN, J. This libel was filed to recover for the loss of a cargo of ice, which was on board the canal-boat O'Rourke when she was injured

at the ice-house dock near Albany by the swells of the steamer New York in passing her. In the former case of *The New York,* 34 Fed. Rep. 757, the owner of the boat recovered the amount of the actual damage done to the boat at the dock. Damages for the entire loss of the canal-boat on the subsequent trip to New York, during which she foundered, and the cargo was lost, were excluded, on the ground that these additional damages were not the proximate results of the defendant's fault, but of the captain's subsequent venture with an unseaworthy boat. 38 Fed. Rep. 710. On appeal the judgment was affirmed in the circuit court, October 3, 1889.[1] In this suit by the owner of the cargo of ice, the case has been submitted on the same testimony as in the former case, and the decision as to the fault of the city of New York must be the same. Some additional proof has also been given, tending to show that a cargo of ice in the middle of August could not be transferred from one canal-boat to another without special facilities, which did not exist and were not attainable in the vicinity of this accident, without costing as much as the ice remaining after the transfer would be worth. From this it is contended that the necessary damage as to cargo was a total loss. The evidence also shows that the O'Rourke was not only a very old, weak, and rotten boat, but that she was also so light in her original construction that she could not be docked for repairs with her cargo of ice on board; also that she was overloaded by the libelant some two or three inches above her six-feet draft, which was the limit for which she was originally designed. It further appears that the libelant is the proprietor of the ice-house and of the dock; that the ice-house people had been in the habit of "dumping things off the dock, so as to narrow the channel for the last two years;" and that there were stones on the bottom along the end of the dock. Such dumping was a wrong for which the libelant is responsible. Its necessary effect was to render more likely such accidents as this, and to contribute to them. To what degree it did so in this case cannot be known. The libelant in the former case was not privy to this wrong, nor affected by it; the present libelant is. The state at much expense straightened, deepened, and diked this channel-way; whereupon the libelant proceeded to occupy a part of it, filled it up more or less, and now complains that the boat pounded on the bottom through the passing swell. The evidence, as it stands, indicates his responsibility for acts presumably contributing to the injury. This would prevent his recovery of more than half his damages.

But, upon the other facts of the case, I think the loss of the cargo by subsequent foundering was so much outside of the natural and proximate results of the steamer's fault as to preclude the libelant from recovering at all for that kind of loss. The O'Rourke was utterly unfit to engage in such business as carrying ice from Albany to New York. The libelant hired her for this purpose, knowing, or having means of knowing, her unfit condition. She was overloaded, as above stated, and on the trip down her bottom dropped out, and her deck was raised up

---

[1] Not reported.

and carried off by the ice. Had she been ordinarily fit for this business, I cannot believe that this result would have happened. I have no doubt that she would not have foundered, but have delivered the cargo of ice in New York, notwithstanding the leak caused by the defendant's fault.

The proximate cause of the sinking of the boat, and the consequent loss of cargo, therefore, was not the injury done her at the dock, but her unfit and rotten condition, which alone made that injury result in loss. The defendant is in no way answerable for her rotten condition, or its results; but only for the natural and proximate effects of his fault, such as might be foreseen as likely to follow. *Railway Co.* v. *Kellogg*, 94 U. S. 469, 475; *Railroad Co.* v. *Reeves*, 10 Wall. 176, 191; *The Reba*, 22 Fed. Rep. 546, 548. The defendant is not chargeable with those ultimate consequences which came from the weakness and rottenness of the boat, but with those only that would naturally happen to a boat in a condition ordinarily fit for navigation. On this ground, old and weak boats are not allowed damages for the ordinary contacts of navigation. *The Gen. George G. Meade*, 8 Ben. 481; *The Chas. R. Stone*, 9 Ben. 182. In the absence of special notice to others, the risk of all those results that flow from the weakness of such boats is on those that use them. For this reason the damages in the former case were confined to the actual damage to the boat at the time and place of the injury, excluding the loss by foundering on the subsequent trip. As this foundering did not happen as the natural consequence of such an injury as this to a seaworthy boat, the loss of the ice thereby is not the natural and proximate result of the defendant's fault. There is not strictly any evidence of any other injury to the ice; but there was probably some loss and injury to the ice from increased leakage, and the more water thereby brought in contact with the ice to melt it, which would be the natural and proximate result of the defendant's fault, *i. e.*, the result of such an injury to a seaworthy boat. To half this damage and loss, if any such is proved, the libelant is entitled, (*The Keystone*, 31 Fed. Rep. 412, 416, affirmed on appeal;) otherwise the libel must be dismissed, but without costs.