## The Howard.

## The James Rumsey.

### Vroman *v.* The Howard and another.

*(District Court, S. D. New York. March 24, 1887.)*

1. COLLISION—FOG—PIERS AND SLIPS—TUG—FERRY-BOAT—MODERATE SPEED.

    While a tug taking a tow to her customary place to lie up for the night is not blamable, in a dense fog at night, for going near to the piers and slips, she is bound to use a corresponding degree of caution, and ferry-boats are bound to the same caution, and to use moderate speed in approaching and entering their slips.

2. SAME—CASE STATED.

    The ferry-boat J. R., from Hoboken to the Twenty-third street slip, New York, in a dense fog at night, in the flood-tide, crossed the river under a slow bell. On making the lights of her ferry-slip she found herself a little above her slip, and thereupon ported, and rang her bell to go full speed. Soon after a tug and tow were seen crossing her ferry-slip entrance, and, notwithstanding reversal, a collision ensued. *Held,* both in fault,—the tug, for too great speed, for having her red light hid, and for not sounding fog signals, and for inattention and want of lookout in not hearing the fog-bells and whistles which were sounded near her; the ferry-boat, for going under full speed when near her slip, notwithstanding the liability of other vessels being unavoidably near in the fog, and full speed not being necessary to enter her slip.

3. SAME—DAMAGES—OLD BOATS—NOTICE.

    The recovery in favor of an old boat is not to be limited to half her damages, unless there is some fault on her part, actual or constructive, such as the failure to give notice of her weakness, where there is opportunity to do so, in a place of risk, or where her exposed position is of her own selection. In a collision that is wholly unexpected, and without any fault on her part, she is entitled to full indemnity, and to repair corresponding to her previous condition.

*Gilbert D. Lamb,* for libelants.
*Carpenter & Mosher,* for the Howard.
*John C. Besson,* for the Rumsey.

BROWN, J. On July 5, 1886, at about 10:30 P. M., as the ferry-boat James Rumsey, from Hoboken, was approaching her slip at Fourteenth street, North river, she came into collision with the barge Moses H. Grinnell, which was going up river lashed to the port side of the tug Howard, and projecting some 30 feet ahead of the latter's bow. The weight of evidence, particularly the testimony of Robertson, the ferry-

boat's witness, who was on the Fourteenth-street pier ringing the fog-bell, shows that the collision was within 300 feet of the ends of the piers, and about off Fifteenth street, as the boats at the time of the collision bore about N. N. W. from where Robertson stood. The weight of evidence is also to the effect that there was a pretty dense fog, and that the lights of boats could not be seen more than 200 or 300 yards distant. The round of the ferry-boat's bow, on the starboard side, struck the port side of the barge very near her stem, not a very severe blow, as I find, but sufficient to drive a cross-timber through the barge's starboard side.

I do not find it a fault in the tug that, in taking the barge, after discharging her excursionists, in the dense fog that prevailed, to her proper place to lie up for the night, she went within a few hundred feet of the shore; because the fog necessitated what would not otherwise have been justifiable. But the tug, under such circumstances, was bound to proceed with corresponding caution; and upon the evidence I must find that with the flood-tide she did not go at that "moderate speed" that by the rules is required in a fog. I must also find her further in fault in that her port colored light was obscured by the barge without any corresponding light upon the barge to supply its place. The fact, also, that her pilot did not hear the fog-bells, which were certainly rung upon the Fourteenth-street dock, very near him, nor the fog-whistles, which the witnesses from the Rumsey say were given, indicates that there was also lack of proper attention and look out. She was further in fault for not giving fog signals herself.

As respects the Rumsey, the question of fault is less clear. After giving, however, repeated consideration to the careful arguments which have been addressed to the court, I am not satisfied that the Rumsey is free from blame. The place where the collision occurred, opposite Fifteenth street, confirms the testimony of the wheelsman that, when the Fourteenth-street lights were first made off Fifteenth or Sixteenth street, she had the Fourteenth-street lights about a point on her starboard bow. She had been proceeding under one bell, but then "hooked" up full speed, and ported her helm; soon after she saw the barge only a short distance off, when she reversed full speed, and put her wheel hard a-starboard. This brought the boats nearly at right angles at the collision, the ferry-boat heading nearly directly on shore off Fifteenth street. Had she continued porting instead of starboarding, I think they would have gone clear. But I think the boats were so near at that time that that error is hardly to be called a fault. The obligation, however, to go at moderate speed in a fog, is as imperative on a ferry-boat as on other steamers. The situation off Fourteenth-street is certainly not such as makes full speed necessary to enter the slip there, by night or day, or at any time of the tide. In the flood-tide that night, I have no doubt that the jingle-bell was rung, not because it was necessary to go at full speed in order to enter the slip; but because the Rumsey found herself already above the slip, and heading above it, when the lights of the slips were first made, and in the flood-tide she wished to prevent being carried further above. For the very reason that there was a dense

fog, there was an increased liability to meet vessels coming up near the slip from necessity. The ferry-boat had, therefore, no right to count upon a contrary contingency, or to increase her speed, for her own convenience merely, beyond the "moderate speed" required by law. I must hold her also liable, therefore, upon this ground, as I am satisfied that, if she had continued under a slow bell, her prompt reversal would have avoided the collision, whether she starboarded or ported her helm.

It is urged that the barge should not, however, be fully repaired at the expense of the vessels in fault, because she was an old and weak boat. It appears that she was from 25 to 30 years old, and the evidence indicates that there was considerable decayed and weak timber about her bows. But the nature of her employment, both before and after the accident, also shows that she was by no means unfit for navigation. In several cases it has been held by this court, where a weak vessel was in a situation to expect some encounters with other vessels, and was responsible for the position assumed by her, that she was bound to give notice to others approaching her of any condition rendering her liable to be seriously injured by ordinary contacts; and in default of notice, in such cases, only half damages were given. See *The Syracuse*, 18 Fed. Rep. 828; *The Niagara*, 20 Fed. Rep. 152; *The Reba*, 22 Fed. Rep. 546; *The C. R. Stone*, 9 Ben. 182; *The N. B. Starbuck*, 29 Fed. Rep. 797.

In the present case no such fault, actual or constructive, can be imputed to the barge. She had no selection of her position. The collision was not an ordinary or justifiable or expected contact. She owed no duty of notice in this instance, on account of her age or weakness; and no such notice, if practicable, could have been of any use. As respects her right to recover her full actual damage, the cases of *The Granite State*, 3 Wall. 310, and of *The Baltimore*, 8 Wall. 386, seem controlling. Upon the reference which must be ordered to compute the damage, the cost of repairing, in a manner corresponding only to her patched and shattered state, will be allowed, if such was in fact her previous condition; not the cost of building a new stem and new bows, if that were unnecessary. *The J. T. Easton*, 24 Fed. Rep. 95.

Decree for the libelants against both vessels, with costs.