## De Lelle v. The Atalanta.[1]

*(District Court, S. D. New York.   April 30, 1888.)*

1. SHIPPING—LIABILITY FOR TORT—STEAMERS RAISING SWELLS.
   In plying about rivers and harbors, steamers raising heavy swells must give heed to the presence of other boats following their legitimate business, and slow or stop to avoid damaging the latter by such swells.

2. SAME—NOTICE OF DEFECT.
   Masters of old and weak boats are bound to take corresponding precautions to give notice to others of the need of special caution in dealing with them.

3. SAME—DAMAGES.
   It appeared that libelant's canal-boat was injured through being thrown against a dock by the swells from the yacht A., but it also appeared that the canal-boat was old and weak, and was hence damaged more than a boat in ordinary condition would have been.   *Held,* that libelant should recover half his damages only.

In Admiralty.   Libel for damages.

*Hyland & Zabriskie,* for libelant.

*Vanderpoel, Green, Cuming* and *Goodwin,* for claimant.

BROWN, J.   The libel was filed for damages caused to the libelant's canal-boat Wm. E. Cleary, while she was discharging brick at the City dock, Yonkers, through the suction and swell caused by the steam-yacht Atalanta in passing down the North river.   The evidence shows that the yacht was going at the rate of a little less than 14 knots; that the tide was flood, and within about an hour of high water; that her waves are about the same as those of the largest steamers that go up the North river; that she passed about half a mile from the shore; that she was in the habit of slowing when she received any signal from the dock indicating that a vessel was there unloading; that upon the morning in question she did not slow, no signals being heard; that though the libelant's lines were loose, the rebound of the waves after the first suction thrust the canal-boat with such force against the dock as to snap two of her deck beams and her keelson.   There is slight testimony that a signal whistle was sounded from the dock, but as it was not heard, I am not satisfied on this point.   But the libelant's boat, while unloading, was in plain sight of the Atalanta as she came down.   The libelant's boat was some 14 years old, and was no doubt in a feeble condition.   It was nevertheless useful to him, and he had the right to make use of her, subject to the ordinary risks of navigation.   The heavy swells from steamers that make waves from one to three feet high are not, however, such ordinary incidents of navigation as boats are bound to take the risk of, whether large or small, new or old.   On the contrary, it has been the settled law since the use of steamers in navigation, that, in plying about rivers and harbors where their swell and suction are likely to produce injury to other craft following their legitimate business, steamers must give heed to their presence, and by slowing, or stopping the engine temporarily, as the case

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

may be, avoid doing them unnecessary damage. As the libelant's boat was plainly in sight, it was the duty of the Atalanta to have slowed in passing. I do not think, however, that a canal-boat in ordinary condition would have sustained as much damage as was proved in this case, from a steamer at such a distance from the dock. I have constantly held that the masters of old and weak boats are bound to take corresponding precautions to give such notice to others as is practicable of the need of any special caution. There was special need in the present case of a signal by whistle to passing steamers to make sure that her presence and the special need of caution were not unheeded. I allow the Cleary, therefore, for one-half her damages, and interest, the sum of $40, with costs.