### THE YOUNG AMERICA.

### CAMPBELL v. THE YOUNG AMERICA.

#### (District Court, S. D. New York. January 20, 1893.)

COLLISION—BROKEN WEARING IRON—WEAK BOAT.

The wearing iron of a tug was broken and rough, and, coming in contact with libelant's canal boat, it ripped off three stern planks; but, defendant's evidence showing that the bolt fastenings of the canal boat's stern planks were mostly rusted off, *held*, that such defect contributed equally to the loss, and the damages should be divided.

In Admiralty. Libel by James Campbell against the steam tug Young America for collision. Decree for divided damages.

Carpenter & Mosher, for libelant.
Robinson, Biddle & Ward, for claimant.

BROWN, District Judge. Whatever may have been the character of the mark left upon the side of the libelant's canal boat, the fact is proved that the rake iron, which ran perpendicularly down the extreme after end of the planking on the side, was torn up, broken, and left hanging and swinging from the uppermost fastening. This fact seems to me to prove conclusively that there was some defect in the claimant's tugboat, probably in the rupture and projection of her wearing iron, which distinguishes this case altogether from those of contacts in the usual course of navigation, and shows that the damage in this case was caused by the rough impact of the tug's broken wearing iron. Had the stern planks of the libelant's boat been rotten, their edges, across which this projecting iron passed, would naturally have given way, without other damage. The stern planks, however, were ripped off by the impact. But from the mark left upon the side of the boat, even to the depth sworn to by the libelant's witnesses, it would not seem that there was a contact of sufficient depth, breadth or force to have carried away those three stern planks by merely passing across the edge of one of them, had they been fastened securely across the stern. The evidence of the claimant in that respect is very direct and positive that most of those bolt fastenings were rusted off between the planks and the timbers inside. I must regard such a proved defect as a cause equally contributing to the loss; and the damages must, therefore, be divided. The Syracuse, 18 Fed. Rep. 828; The Atalanta, 34 Fed. Rep. 918; The N. B. Starbuck, 29 Fed. Rep. 797. Decree accordingly.