# Daniels *v.* Carney.

*Action for Damages for Death by Wrongful Act.*

(Decided Nov. 15th, 1906.  42 So. Rep. 452.)

1. *Negligence; Knowledge of Peril.*—To charge a defendant with subsequent negligence prior knowledge of the peril of the person injured must be shown to exist on the part of the defendant.

2. *Same; Pleading; Complaint; Negligent Management.*—An averment in a complaint that the small boat in which intestate was riding was plainly visible to defendant's servants, was not equivalent to an averment that they saw or should have seen the small boat, and was insufficient to charge defendant with subsequent negligence on account of prior knowledge in an action based on the theory that the accident occurred in overturning the small boat in which the defendant was, by failure

6

[Daniels v. Carney.]

of defendant's servants to exercise due care in the operation of a steam boat, after discovering intestate's peril.

3. *Same.*—A count averring that the small boat was seen by the servants of defendant in time to avoid the injury, was insufficient for failure to aver that the peril of interstate was obvious, or that it was known to defendant's servants.

4. *Master and Servant; Injuries to Third Person; Negligence of Servants; Pleadings.*—The suit being for a common law liability, and not under the statute, a count is insufficient which fails to allege that the servants who were operating the steam boat at the time of the alleged injury, were acting within the scope and line of their authority.

5. *Shipping; Negligent Navigation.*—The Mobile River being a navigable water, the right to navigate the same is guaranteed to everyone, and defendant's servants operating a steam boat whereby large waves were created sufficient to swamp a passing smaller boat owned to the latter the duty of stopping the normal operation of the steam boat until the smaller boat had passed, if its normal operation endangered the lives of the occupants of the smaller boat.

6. *Same; Contributory Negligence.*—On a navigable stream, the occupants of a smaller boat had the right to assume that the navigators of a larger steam boat, would observe their duty towards the smaller boat, and avoid the infliction of injury.

APPEAL from Mobile Circuit Court.

Heard beore HON. SAMUEL B. BROWNE.

Action by Ella Daniels, as administratrix, against James A. Carney, administrator of Louisa Carney, deceased, to recover for personal injuries resulting in the death of plaintiff's intestate. From a judgment sustaining demurrers to the complaint, plaintiff appeals.

The pleadings sufficiently appear in the opinion of the court.

R. W. STOUTZ, for appellant.—The court erred in sustaining the demurrer to count 1.—Const. 1901, § 24; 16 A. & E. Ency. of Lay, 236; *C. of Ga. Ry. Co. v. Vaughan,* 93 Ala. 210; *Highland Ry. Co. v. Sampson,* 91 Ala. 567; *Foster v. Holley,* 38 Ala. 76; *Wright v. Mulvaney,* 23 Am. St. Rep. 293; *The New York,* 34 Fed. 757; *The Kaiser Wilhelm der Grosse,* 134 Fed. 1012; *Wright v. Brown,* 58 Am. Dec. 622; *B'ham Co. v. Gergarrons,* 37 So. Rep. The court erred in sustaining the

[Daniels v. Carney.]

demurrer to the 2nd count.—*E. T. V. & G. R. R. Co. v. Dayliss,* 77 Ala. 435; *S. & N. R. R. Co. v. Jones,* 56 Ala. 510; *Lamkin v. L. & N. R. R. Co.,* 106 Ala. 291; *Woodward Iron Co. v. Hendon,* 114 Ala. 214; *Postal Tel. Co. v. Brantley,* 107 Ala. 684; *Steele v. May,* 135 Ala. 488; *Ala. Midland R. R. Co. v. McDonald,* 112 Ala. 216; *B'ham Co. v. Cozart,* 133 Ala. 264. On the same authorities the court erred in the judgment rendered.

GREGORY L. and H. T. SMITH, for appellees.—Counsel discuss each ground of demurrer assigned to counts 1 and 2 but cite no authorities. As to the correctness of the ruling of the court in sustaining demurrer to the 3rd count we cite the following authorities.—*Western Ry. of Ala. v. Milligen,* 134 Ala. 205; *Mayler v. Thompson,* 104 Ala. 628; s. c. 116 Ala. 637.

DOWDELL, J.—The complaint was originally filed containing two counts, and was afterwards amended by the addition of the third count, which latter count was subsequently amended. The complaint was demurred to, both as originally filed and as amended, which demurrers being sustained by the court, the plaintiff declined to further plead, and thereupon judgment was rendered for the defendant, from which judgment the present appeal is prosecuted. The court's ruling on the demurrers constitutes the basis of the first four assignments of error; the fifth and last assignment being based on the final judgment rendered.

The suit is to recover damages for personal injury, resulting in the death of plaintiff's intestate by drowning, through the negligence of defendant's servants in the operation of defendant's steamboat, causing the small boat in which plaintiff's intestate was riding to be capsized in Mobile river. The theory of the plaintiff's case is that the death of plaintiff's intestate was the proximate result of the failure of defendant's servants to exercise due care in the operation of defendant's steamboat after the discovery of the peril of said intestate. There is no pretense of any prior negligence in the operation of said steamboat whereby the accident resulted. On the contrary, it is averred that the steam-

boat was being operated in the usual and normal way. The theory, as well as the insistence in argument, of plaintiff's counsel, is that it was the duty of the servants, after the discovery of the peril, to cease the normal operation of the steamboat, by stopping the revolution of the propeller or paddle wheels of said boat, in order to prevent the creation of waves, which, it is alleged, caused the swamping or capsizing of the small boat in which said intestate was riding.

To charge one with subsequent negligence, there must exist a prior knowledge on the part of the defendant of the peril of the person injured. The first count of the complaint, in counting on the failure of the defendant's servant or servants to exercise due care by the stopping of the revolutions of the paddle wheels of the said steamboat to prevent the creation of a succession of large waves, was defective, and subject to demurrer, in not averring knowledge on the part of the servant of the peril of the deceased, which knowledge was necessary to impose the duty claimed under the facts and circumstances stated. The count avers that the small boat, with its occupants, in which the intestate was riding, was plainly visible to defendant's servants. This may all be true, and yet the small boat, with its occupants, may not, as a matter of fact, have been seen by defendant's servants. To say that an object was plainly visible is not the equivalent of saying that it was seen. Such an averment leaves the main fact, that of actually seeing, and hence a knowledge on the part of defendant's servants of the perilous situation of plaintiff's intestate, to rest merely in inference. Good pleading requires that the facts which constitute the cause of action relied on should be stated in the complaint and not left in inference. Facts, when averred, may be established inferentially from other facts shown in evidence; but this is a rule of evidence, and not of pleading. In pleading, the facts themselves, whether they are to be established directly or inferentially, should be stated. The second count, while it avers that the small boat with its occupants, was seen by the defendant's servants and in time to avoid the injury, does not aver that the peril of the deceased was an obvious one, or that it was

known to defendant's servants. By the pleading this latter fact was left merely in inference, which rendered the count faulty. Both the first and second counts were, for the reasons above stated, subject to demurrer.

By the amendment of the third count the defects above pointed out were met and obviated by proper averments. The Mobile river is navigable water and a public highway, and, under the law, the right to navigate the same is equally guaranteed to every one.— Const. 1901, § 24; code 1896, § 2515. The exercise and enjoyment of this right is as much guaranteed to the small craft as to the great steamer. Each one owes the other the duty of the observance of due care, so as to avoid inflicting wrong and injury upon the other. Injury resulting from the violation of this duty, whether intentional or through negligence, carries with it the legal responsibility of answering in damages.—*Foster v. Holly,* 38 Ala. 76. The defendant's servants, in the operation of the steamboat, whereby large waves were created by its propeller or paddle wheels, sufficient to swamp or capsize a smaller boat in passing, thereby endangering the lives of the occupants of the small boat, owed to the latter the duty of avoiding the danger, by ceasing the normal operation of the steamer and stopping the revolution of its paddle wheels or propeller, until the smaller boat had passed without the zone of danger of waves from the larger boat. This principle seems to be settled both upon reason and authority.— *De Lelle v. Atlanta,* (D. C.) 34 Fed. 918; *The New York,* (D. C.) 34 Fed. 757; *The Southfield,* (D. C.) 19 Fed. 841; *The Kaiser Wilhelm Der Grosse,* (D. C.) 134 Fed. 1012. In *Wright v. Brown,* 4 Ind. 95, 58 Am. Dec. 622, where a small craft was caught by the swell of a passing steamer, the case was considered just as though there had been a collision, and the court said: "We shall consider this case as one of collision between the vessels; for it must be the same thing in principle whether the steamboat ran upon the flatboat or forced some other object upon it to produce the injury." In the case at bar, it cannot as a matter of law be said that the plaintiff's intestate, on the facts stated in the complaint, was guilty of negligence that contributed prox-

imately to his death. It appears from the complaint
that the small boat or skiff in which he had taken pas-
sage to cross the river, laden as it was, was neverthe-
less safe in the absence of an unusual disturbance of the
water, and that the water at the time and before the
defendant's steamer approached was smooth. The plain-
tiff's intestate had the right to assume that the naviga-
tors of large crafts would observe their duty under the
law toward the small boat in which he had taken pas-
sage in avoiding the infliction of injury.

The third count was, however, in another respect
faulty for lack of proper averment, whereby it was ren-
dered subject to the demurrer interposed. The count
fails to aver that the servant or servants who were
operating the steamboat at the time of the alleged wrong
and injury were acting within the scope and line of
their authority. Non constat these servants were at
the time and place acting in utter disregard of author-
ity of the master, in which event no responsibility could
attach to the master on account of their negligent op-
eration of the steamboat. In the case of *Lampkin v.
L. & N. R. R. Co.,* 106 Ala. 287, 17 South. 448, the plain-
tiff was a passenger on defendant's train, and while a
passenger was assaulted by a brakeman on said train.
It was held in that case that the facts stated in the
complaint were sufficient, without stating in terms that
the employe by whom plaintiff was assaulted was act-
ing within the scope of his duties. In *Woodward Iron
Co. v. Herndon,* 114 Ala. 214, 21 South. 430, that suit
was brought under the employers' liability statute, and
the court ruled that where the complaint averred that
the engineer was in charge and control of an engine,
which he was at the time running over a track of the
company's, this was prima facie sufficient to show that
he was in the discharge of his duties under such em-
ployment. The facts in the case before us, we think,
differentiate the case from the foregoing cases cited
and relied on by the appellant. In the *Lampkin Case*
the relationship of carrier and passenger is shown,
with the duties and responsibilities attaching to such
relation under the law, and the further fact is shown
that the assaulting party was an employe and brake-

man on defendant's train. In the *Woodward Iron Co. Case* the suit being under the employers' liability statute, the court ruled that the averments in the complaint as to superintendence, etc., were within the terms of the statute. In the case before us no relationship existed between the plaintiff's intestate and the defendant, and the suit is for a common-law liability, and not under the statute. In *Postal Tel. Co. v. Brantley,* 107 Ala. 684, 18 South. 321, it is said: "The test of liability in all cases depends upon the question whether the injury was committed by the authority of the master, expressly conferred or fairly inferred from the nature of the employment and the duties incident to it." In the plaintiff's complaint it is not charged that the defendant was guilty of negligence, but the negligence complained of was that of defendant's servant. We think it perfectly clear that the defendant could not be made liable for any acts of her servants done by them without the scope of their employment, and not by her authority. If these servants undertook to operate her steamboat down the river without her authority, she could not be made liable for their wrongful acts. This being true ,it follows, in order to fix a liability upon her for negligent conduct of the servants, it should be averred and shown that they were acting with her authority or within the scope and line of their employment.

Finding no errors in the ruling of the court on the demurrers, the judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.