# Fidelity & Deposit Co. of Maryland v. Walker, et al.

### Suit on Injunction Bond.

(Decided Feb. 18, 1909.  48 South. 600.)

1. *Pleading; Demurrer; Effect of Sustaining.*—Where several grounds of demurrer are filed to a count, and one ground only is sustained, the count becomes of no effect unless amended.

2. *Appeal and Error; Right to Allege Error.*—Error cannot be alleged or assigned, effectively to rulings on demurrer favorable to the party alleging or assigning error.

3. *Injunction; Bond; Damages.*—The sureties on an injunction bond are liable for damages accruing prior as well as subsequent to the making of the bond, where it is conditioned to all damages caused.

4. *Same; Pleading.*—In the absence of an allegation that plaintiff's security was rendered insufficient pending the continuance of the injunction, plaintiff could not recover for depreciation in the value of the mortgaged property, pending the injunction, which was granted against the foreclosure of the mortgage.

5. *Same; Liability; Attorney's Fees.*—Attorneys fees paid or incurred in procuring a disolution of the injunction are recoverable in an action on the bond.

6. *Set-off and Counter Claim; Pleas.*—In an action on an injunction bond pleas of set off against the plaintiff in the suit on the injunction bond alleging breach of covenant by him and others against the plaintiff suing out the injunction, are not demurrable as sounding in damages for which the law provides no pecuniary standard of measurement.

7. *Principal and Surety; Action on Bond  Set-off; Right of Surety.*—A surety when sued alone on an injunction bond may, with the consent of the principal, set off a debt due to such principal at the commencement of the action.   (Section 3731, Code 1896.)

8. *Covenants; Warranty of Title; Eviction; Pleas.*—A plea alleging a breach of the covenant of warranty of title in a deed need not allege an eviction, since, if there is a superior outstanding title, or an encumbrance diminishing the value of its enjoyment, it is broken as soon as made.

9—8

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON

Action by Robert H. Walker and others against the Fidelity & Deposit Company of Maryland for the breach of an injunction bond. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

It is unnecessary to set out the first and second counts. The third, fourth, fifth, and sixth counts are in the following language:

(3) "Plaintiffs claim of the defendant the sum of $1,500 for the breach of the conditions of a certain bond made by the defendant on, to wit, the 8th day of March, 1898, together with George Gillham, S. E. Hunt, and M. L. Selden, who are not sued in this action, payable to the plaintiffs, in the sum of $1,500, and which bond is words and figures, as follows: 'State of Alabama, Colbert County, Second District, Northern Chancery Division, at Tuscumbia, Alabama. Know all men by these presents, that we, S. E. Hunt, George Gillham, and M. L. Seldon, and Fidelity & Deposit Company of Maryland, surety, are held and firmly bound unto Robert H. Walker, John A. Walker, Eliza J. Walker, and R. D. S. Bell in the sum of $1,500, to be paid to the said payee or assigns, for the payment of which, well and truly to be made, we bind ourselves jointly and severally, and each of us, our heirs, executors, and administrators, firmly by these presents. Witness our hands and seals this 8th day of March, 1898. Whereas, George Gillham, Myletus L. Selden, and Sara E. Hunt filed their bill of complaint in the chancery court of the Second district, Northern chancery division of said state (then the Northwestern chancery division) on the 26th day of October, 1892, against Robert H. Walker, John A. Walker, Eliza J. Walker, and R. D. S. Bell, and amongst other things praying for an injunction against the sale of certain

property under a mortgage executed by complainants in said bill on the 4th day of April, 1890, and have obtained an order for the issuance of said injunction in accordance with the prayer of the bill, upon the execution of bond and security; and whereas, by the decree of the chancery court at regular term held on the 14th and 15th days of February, 1898, on motion of defendants, by their solicitors, the said complainants are required to give sufficient sureties on the injunction bond in said sum of $1,500: Now, therefore, the conditions of the above obligation art such that if the above-bond George Gillham, S. E. Hunt, and M. L. Selden, their heirs, executors, administrators, or any of them, shall and well and truly pay all damages and costs which any person may sustain by the suing out of said injunction, if the same be dissolved, then the above to be void; otherwise, to remain in full force and effect. (Signed and sealed by the parties above named, together with the Fidelity & Deposit Company of Maryland, by Henry B. Gage, attorney in fact, and attested by R. F. Manly, general agent)' Which said bond was delivered by the maker thereof to and approved by the register of said chancery court, and was upon the condition that, if the said George Gillham, S. E. Hunt, and M. L. Selden, their heirs, executors, administrators, or any of them, should well and truly pay all damages and costs which any person may sustain by the suing out of the injunction mentioned in said bond in said cause, if said injunction is dissolved, then said bond was to be void, but otherwise to remain in full force. And the plaintiffs aver and say that the said injunction was issued by and out of said chancery court and served upon the plaintiffs herein, and the said sale by them mentioned in said bond thereby stayed and enjoined, and that the condition of the said bond above described has been broken

in this: That the said injunction so sued out and obtained by said Gillham, Hunt, and Selden in said chancery court in said cause has been and the same is dissolved by said chancery court, and that the said Gillham, Hunt, and Selden have not paid the damages, with the interest thereon, which the plaintiffs have sustained by the suing out of said injunction, nor has any one of them done so, or any part thereof, and that the condition aforesaid of said bond has been broken in and by the failure of said Gillham, Hunt, and Selden, or any of them, to pay to the plaintiff the following damages, which were sustained by them by the suing out of said injunction: That plaintiffs have sustained damages to the amount of $1,500 in the depreciation and loss in value of the land mortgaged by said Gillham, Hunt, and Selden to plaintiffs, the sale of which was enjoined, restrained and prevented by said Gillham, Hunt, and Selden, by said injunction so sued out by them, which depreciation and loss occurred between the issuance and service of said injunction and its dissolution, and which said damages have not been paid by any or either of the obligators aforesaid, or any part thereof."

(4) Same as 3, down to and including the words "to pay to plaintiffs the following damages, which were sustained by them by the suing out of said injunction, to wit," and adds the following: "That plaintiffs have sustained damages to the amount of $1,500 in the depreciation and loss in value of the personal property mortgaged by said Gillham, Hunt, and Selden to plaintiffs, the sale of which was enjoined, restrained, and prevented by said injunction so sued out by said Gillham, Hunt, and Seldon, which depreciation and loss occurred between the issuance and service of said injunction and its dissolution, and which said damages, or any part thereof, has not been paid by any or either of the obligators in said bond."

(5) Same as 4, with the exception that the damages sustained are alleged to have resulted from a dissipation and removal of the personal property mortgaged, etc.

(6) Same as 3, down to and including the words "to pay the plaintiffs the following damages, which were sustained by them by the suing out of said injunction, to wit," and adds: "That plaintiffs have sustained damages in the amount of $500, in that they have incurred liability for and have become liable to pay said sum as the reasonable fees and compensation to their attorneys and solicitors for their services rendered in procuring the dissolution of said injunction."

The following demurrers were filed to the complaint: "(1) It appears from said count that George Gillham, S. E. Hunt, and M. L. Selden are necessary parties defendant, without the presence of whom the plaintiffs cannot maintain their action. (2) It does not appear from the complaint to whom the bond referred to therein was made payable; the complaint simply averring that it was made to the plaintiffs, without stating whether it was made payable to each and all the plaintiffs, or, it not all of them, it does not state to which one of them the same was payable, without which the plaintiffs cannot maintain this action for one on behalf of all of them. (3) So much of said complaint as avers the right to recover damages for reasonable fees and compensation to plaintiffs' solicitors in procuring the dissolution of said injunction and in defending and defeating the suit, said damages are not within the terms and conditions of said bond. (4) To so much of said complaint as avers that plaintiffs are entitled to recover damages for the depreciation and loss in the market value of the real estate and personal property, the sale of which is alleged to have been enjoined, the complaint does not aver that said real estate and personal property

was thereafter sold, or that, if sold, it failed to realize the amount of indebtedness intended to be secured by the mortgage thereon. (5) The complaint fails to show any consideration for said bond sued on in this: The suing out of the injunction and stopping the sale of the property under the alleged mortgage had all been done, and the liability of the complainant in the alleged injunction suit had been incurred, before the bond sued on had been executed, and the promise by this defendant to pay the damages sustained by the plaintiffs by reason of the previous issuing of the injunction is without consideration. (6) It is not shown by the complaint when the injunction complained of was sued out by Gillham, Hunt, and Selden. (7) The complaint fails to allege what particular part or parcel of the real estate embraced in the alleged mortgage was depreciated in value by reason of the suing out of the injunction. (8) The complaint fails to show how the suing out of the injunction depreciated the value of the real estate. (9) The complaint fails to describe the real estate alleged to have been damaged or depreciated in value by the injunction. (10) The complaint fails to show how or in what way the suing out of the injunction depreciated the value of the personal property covered by said mortgage. (11) The complaint fails to show whether the whole or any part of the personal property was affected or depreciated in value by the suing out of said injunction. (12) The complaint fails to particularize the personal property alleged to have been damaged by the suing out of the injunction. (13) The complaint fails to particularize the damage done the personal property which was effected by the suing out of the injunction. (14) Because the element of attorney's fees is not an element of damages recoverable on the said bond, and because attorney's fees for the defense of the suit on its

merits are not recoverable against this defendant, and because the services were rendered prior to the time that the bond here sued on was executed."

The following additional grounds were interposed to count 6: "Said count fails to show any expense was incurred in an effort to dissolve the injunction. It is not shown that any motion was made to dissolve the injunction complained of in this suit."

The defendant filed the following pleas:

(1) "At the time this suit was instituted the plaintiffs were indebted to said George Gillham, M. L. Selden, and Sara E. Hunt in the sum of $3,080 as damages for the breach of the covenants in a deed of conveyance made and entered into by the said Robert H. Walker, J. A. Walker and his Wife, Eliza Walker, and S. A. T. Bell and her husband, R. D. S. Bell, to the said George Gillham, M. L. Selden, and Sara E. Hunt, which deed was dated April 4, 1890, wherein the plaintiffs, in consideration of a large sum of money, to wit, the sum of $20,000, sold and conveyed to the said Gillham, Selden, and Hunt a three-fourths interest in certain real estate and personal property lying and being in the counties of Colbert and Franklin, in the state of Alabama, known as the 'Walker Mine,' and more particularly described in said deed as an undivided three-fourths interest in the N. W. ¼ of section 27, and the N. ½ of section 28, and the N. ½ of the S. E. ¼ and the N. W.¼ of the S. W. ¼ of section 28; also an undivided three-fourths interest in an undivided one-half interest in the N. ½ of the S. E. ¼ of section 27, all in township 5, range 11 W.; also all the implements, machinery, tools, etc., now on said land, consisting in part of one steam pump, a 70 horse power boiler, 300 feet of 3-inch piping, 1,200 feet of 16-inch steel rails, 20 tram cars, one lot of mining tools, one flume about 400 feet long, one 20-foot revolving

screw, one 50 horse power boiler, one 40 horse power engine with all appurtenances and connections, and all machinery placed by Walker & Co., on said land; also 6 mules, 10 wagons, and harness, and one blacksmith outfit, tools, etc.   To all of said property the plaintiffs warranted the title by the terms of said deed.   And defendant avers that the said plaintiffs, as a part of their said agreement and covenant, agreed that a good and sufficient pump was to be at once supplied by plaintiffs and at their expense to throw a sufficient stream of water to the washer, and that all the machinery on said land known as the 'Walker Mine' should be put in proper condition for work at the expense of said plaintiffs. And defendant avers that the plaintiffs failed and refused to supply the pump and necessary machinery to complete the works, and failed to supply tram cars and piping; also failed to complete the flume, and failed to put the machinery on said land at said mine in the proper condition for work, and failed utterly to do or perform the things they had by their covenant agreed to do.   And defendant avers that at the time of the execution of said deed as aforesaid the plaintiff represented that the machinery at said mine was in good working condition and suitable for the work intended to be done by it. And defendant avers that said representations were false, and that the said Gillham, Selden, and Hunt were required to spend large sums of money, to wit, the sum of $3,080, to put the said machinery in good working order.   And defendant further states:   That the covenants of warranty in said deed were broken, in this, to wit:   At the time of the purchase by said Gillham, Selden, and Hunt there was a (mortgage lien) upon said property for taxes to the amount og $133.13; that the title failed to a large part of the property embraced in said deed as follows, to wit:   The N. W. $\frac{1}{4}$ of section

.28, township 5, range 11 W.; also 40 acres in the S. W. ¼ of section 28, township 5, range 11 W. That said land was valued in the purchase thereof by said Gillham, Selden and Hunt at $11 per acre, and that there is to that extent a breach in the covenants of warranty in said deed made by the plaintiffs to the said Gillham, Selden, and Hunt to said property. And defendant avers that by reason of the said plaintiffs failing to keep and perform the covenants in said deed of conveyance the said Gillham, Selden, and Hunt were damaged to the amount of $3,080. Wherefore this defendant pleads the said damage or such part thereof as is necessary to a set-off to plaintiff's claim in this cause."

(3) "At the time this suit was instituted the plaintiffs were indebted to said Gillham, Selden, and Sara Hunt in the sum of $3,080 as damages for the breach of the covenants in a deed of conveyance made and entered into by the said Robt. H. Walker, J. A. Walker and his wife, Eliza Walker, and S. A. T. Bell and her husband, R. D. S. Bell, to the said George Gillham, M. L. Selden, and S. A. Hunt, which deed was dated April 4, 1890, wherein the plaintiffs, in consideration of a large sum of money, to wit, the sum of $20,000, sold and conveyed certain real estate, a three-fourth interest therein, to the said Gillham, Selden, and Hunt, and the same interest in certain personal property; said real estate and personal property lying and being situate in Colbert and Franklin Counties, in the state of Alabama, and known as the 'Walker Mine,' and more particularly described in said deed." Same as in plea 1, down to and including the words, "in proper condition for work at the expense of said plaintiffs," after which is the following: "Said agreement is in words and figures as follows: "April 4, 1889. Whereas, M. L. Selden, S. E. Hunt, and George Gillham have purchased from J. A. Walker and others

certain mining property in Colbert county, Alabama, and have assumed to pay a debt to W. T. Adams Machine Company, $6,600, and to Peter Clay, $4,000, as a part of the consideration for said property: Now it is agreed by said J. A. Walker and his associates that there are no other debts on said property or liens on the same, and if there are they will discharge and pay the same without costs to said Selden et al, They further agree that a good and sufficient pump is to be at once supplied by said Walker and associates at their expense to throw a sufficient stream of water to the washer, and to do this at once and with the least possible delay; that all the machinery on said land known as the "Walker Mine" shall be put in proper condition to work and wash ore at the expense of said Walker. And we instruct said Selden et al., not to pay Adams Machine Company any money until the pump is put in order or supplied by one that will do the work required. Said Walker agrees to hold the note given by Selden and other, due April 9, 1891, for $2,025, to him, and not to dispose of the same until all said work is completed, said pump supplied, and the title to all land conveyed to Selden and others by said Walker and others is made satisfactory. (Signed) J. A. Walker.'" The remainder of the plea is the same as plea 1.

Demurrers were interposed to said pleas as follows: "(1) The matters and things set up in said pleas are not the subject of setoff. (2) The matters and things set up in said pleas as matters of set-off are demands sounding in damages merely. (3) The matters and things set up in said plea are not debts or liquidated demands due from these plaintiffs to the comakers or principals of this defendant. (4) To so much of said pleas as seek to set off the failure of plaintiffs to supply a sufficient pump and necessary machinery to complete

[Fidelity & Deposit Co. of Maryland v. Walker, et al.]

the work, they are not debts or liquidated demands due from these plaintiffs to the comakers or principals of this defendant. (5) To so much of the pleas as seek to set off $3,080 to put the machinery in good working order, that this was not a debt or liquidated demand due from plaintiffs to the comakers or principals of this defendant. (6) To so much of said pleas as seek to set off as damages the breach of covenants of warranty for the alleged failure of title, that the damages claimed are not debts or liquidated demands due from these plaintiffs to the comakers or principals of defendant. (7) To so much of the pleas as seek to set off damages for the breach of covenants in the deed of conveyance to the comakers or principals, because the damages claimed are not a debt or liquidated demand due from these plaintiffs to the comakers or principals of this defendant. (8) To so much of said pleas as seek to set off damages for a failure of title to part of the land conveyed by plaintiff to the comakers or principals of defendant, because said pleas fail to show any breach of the covenants of said deed, because they fail to show that the comakers or principals of defendant have been evicted, because said pleas fail to allege or show wherein the defect in such title consisted, because said pleas fail to show or allege that such defect has been ascertained by some court of competent jurisdiction, and because said pleas fail to allege or show that the defects were not known to said comakers or principals."

KIRK, CARMICHAEL & RATHER, for appellant. The court erred in overruling demurrer 3 to the 1st, 2nd and 6th counts of the complaint. Counsel fees were not recoverable.—*Curry's Case*, 124 Ala. 614; *Jackson's Case*, 100 Ala. 285. The mere fact that the property depreciated in value between the su-

ing out of the injunction and its dissolution does not entitle the plaintiff to recover that amount, or any part thereof. The complaint should show a right to recover the damages claimed.—Section 788, Code 1907; *Childress v. Mann,* 33 Ala. 206; 137 Ala. 491. Counsel discuss other assignments of error as to the rulings on pleadings, but without citation of authority. Set off may be pleaded by a surety of a debt due his principal with the consent of the principal.—*Bowen v. Snell,* 9 Ala. 481; *Jones v. Melton,* 7 Ala. 830; secs. 3731-2. Upon the facts averred in the pleas the damages claimed are measurable in a legal sense by a pecuniary standard and are proper subject of set-off.—*Debter v. Henry,* 144 Ala. 552. On the question of the measures of damages under the facts set up in the pleas, counsel cite the following cases.—69 Ala. 502; *Clark v. Zeigler,* 79 Ala. 346; *Howaker v. Coone,* 117 Ala. 630; *McGhee v. Posey,* 42 Ala. 330; *Buist v. Guice,* 96 Ala. 255. It was not necessary to allege eviction.—*Sayre v. Sheffield Co.,* 106 Ala. 441; *Copeland v. McAday,* 100 Ala. 553. The action should have been instituted in the name of the holder of the legal title for the use of the person damaged.—*Smith v. Mut. L. & T. Co.,* 102 Ala. 294. The depositions of the absent witness were admissible.—*Lewis v. Davis,* 18 Ala. 808. Counsel discuss other questions not necessary to be here set out.

Jos. H. NATHAN, for appellee. Counsel discuss assignments of error seriatim, but without citation of authority.

DOWDELL, C. J.—The complaint as originally filed contained two counts, and was subsequently amended by adding counts, 3, 4. 5, and 6. A demurrer was filed to the first and second counts, assigning many grounds.

The judgment entry recites, after amendment allowed to the first count, that the demurrer to counts 1 and 2 is sustained on the fourteenth ground, overruling all other grounds. It does not appear that any amendment was made or offered as to counts 1 and 2 after this ruling on the demurrer. The sustaining of any one ground of a demurrer to a count is as effective in putting such count out as would be the sustaining of all the grounds, if no amendment is made to meet the ruling on the demurrer. The ruling of the court below on the demurrer to the first and second counts being in favor of the appellant, the appellant can take nothing by its assignments of error addressed to the action of the court on the demurrer to these two counts.

The writ of injuction was obtained to restrain an attempted foreclosure of a mortgage under a power of sale contained in the mortgage. The bond sued on was given after the issuance of the writ and upon a decretal order of the chancery court, pending the injunction proceedings in that court requiring an additional bond. The condition of the bond is to pay all damages caused by the suing out of the injunction. By the condition of the bond damages prior to its execution, as well as subsequent, occasioned by the issuance of the writ, are included.

In the third and fourth counts, added by way of amendment to the complaint, the special damages claimed are for the alleged depreciation in value of property embraced in the mortgage. It is not averred that the plaintiffs, by the alleged depreciation in value of the property, were thereby deprived of their security for the mortgage debt. For aught that appears from the averments, except inferentially, the property, notwithstanding the depreciation in value, was more than sufficient to pay the mortgage debt, and, if so no damage resulted

to the plaintiffs by reason of the depreciation in value. As was said in the case of *Daniels v. Carney*, 148 Ala. 81, 84, 42 South. 452, 453, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34: "Good pleading requires that the facts which constitute the cause of action relied on shall be stated in the complaint and not left in inference. Facts, when averred, may be established inferentially from other facts shown in evidence, but this is a rule of evidence and not of pleading." For the omission to aver that the alleged depreciation in value so impaired the mortgage security as to defeat in whole or in part the collection of the mortgage debt, the count was defective and subject to demurrer.

The special damages claimed in the sixth count, added by way of amendment, are for attorney's fees paid or incurred in procuring the dissolution of the injunction. The claim is confined to attorney's fees incurred in obtaining the dissolution, and was therefore free from objection on demurrer. Such damages are always deemed recoverable in a suit upon the injunction bond. The rule in respect to what fees are recoverable in actions of this kind is stated in the case of *Jackson v. Millspaugh*, 100 Ala. 285, 14 South. 44, See, also the later case of *Curry v. Mortgage Co.*, 124 Ala. 614, 27 South. 454.

The demands sought to be set off by pleas 1 and 3 are for damages for which the law gives a pecuniary standard of measurement, and are not claims sounding in damages merely, and these pleas were not subject to demurrer on that ground.—*Debter v. Henry*, 144 Ala. 552, 39 South. 72, and cases there cited.

The defendant, as surety on the injunction bond, being sued alone, could, with the consent of his principal, set off a debt due from the plaintiff to him, the defendant's principal, at the commencement of the suit.—Code 1896, § 3731. The pleas were not subject to any of the

grounds stated. It is not necessary that the plea should show an eviction. "The covenant of warranty of title in a deed of conveyance is broken as soon as made, if there is a superior outstanding title, or an incumbrance diminishing the value of the enjoyment."—*Sayre v. Sheffield Co.*, 106 Ala. 441, 18 South 101; *Copeland v. McAdory*, 100 Ala. 553, 13 South. 545.

There are other assignments of error; but the views we have taken render it unnecessary to consider them, as the questions are such as are not likely to arise on another trial.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.