### WALAAS v. JOHNSON et al.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1913.)

#### No. 2,465.

COLLISION (§ 141*)—DAMAGES RECOVERABLE—UNSOUND CONDITION OF VESSEL.
  Where the extent of the injury to a vessel in collision was due in part to her age and the unsound condition of her timbers, due allowance should be made therefor in awarding damages against the other vessel.

  [Ed. Note.—For other cases, see Collision, Cent. Dig. § 294; Dec. Dig. § 141.*]

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Suit in admiralty by Thomas A. Johnson and others, owners of the pilot boat Eben D. Jordan, against the steamship Agnella; A. Walaas, claimant. Decree for libelants, and claimant appeals. Modified and affirmed.

For opinion below, see 198 Fed. 147.

Palmer Pillans, of Mobile, Ala. (H. Pillans and H. Hanaw, both of Mobile, Ala., on the brief), for appellant.

T. M. Stevens, of Mobile, Ala. (A. T. Dean and Gessner T. McCorvey, both of Mobile, Ala., on the brief), for appellees.

Before PARDEE and SHELBY, Circuit Judges, and SHEPPARD, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SHEPPARD, District Judge. This is an appeal from the District Court of the Southern District of Alabama, awarding damages in the sum of $7,328.64, in favor of libelants against the steamship Agnella for a collision with the pilot boat Eben D. Jordan, at the outer station off Mobile bar.

Negligence in the maneuvers of both vessels in the attempt to deliver and take aboard a pilot was charged and countercharged by the libel and answer. The judge, after hearing the testimony himself, which was voluminous, and in which there was not a little conflict, held the steamship solely at fault and made a reference of the cause to a special commissioner to ascertain and report to the court the damages sustained by the pilot boat by reason of the collision.

The commissioner made his report, stating the sundry items of damage considered, and allowing libelants $7,298.64. The judge disallowed a credit of $130, which the commissioner had allowed as proceeds of the sale of the pilot boat, and deducted from the account $100, which the commissioner had allowed for renewed stem, and approved the finding in the sum of $7,328.64. There were exceptions and counter exceptions challenging the allowances and disallowances in the various items which made up the finding of the commissioner.

On the question of negligence, we are not disposed to disturb the decree; but the damages allowed, we think, are excessive. There is no direct evidence of the value of the Eben D. Jordan when she was sunk; but it was shown that the Jordan was an old craft, built in 1883, had been from time to time to some extent repaired, but her hull had not been rebuilt. Her frame and deck beams were old, and found to be her original timbers. The rotten wood taken from the planking after the accident and produced here by exhibit is unmistakable evidence that the schooner was old and her planking and beams were in a state of decay. On no other plausible theory can the collapsed condition of her deck at the time she was raised be accounted for.

The conclusion from the evidence is irresistible that the age and condition of the schooner greatly increased the extent and cost of repairs. It is clear that the force of the collision could not have been responsible for the collapse of her decks. There is no evidence of pounding by heavy seas that could have produced such a result.

In the case of The Young America, Judge Brown, of the Southern District of New York, held that, where the evidence showed that the damages were as much due to defects in the injured vessel as to the negligence of the other, the damages should be equally divided. The Young America (D. C.) 54 Fed. 410. It was held in The Atlanta (D. C.) 34 Fed. 918, that where the injured vessel was old and weak, and consequently damaged more than a boat in ordinary condition would have been, she should be entitled to recover only half damages.

The occupation of a pilot boat should require a staunch and strong craft, and it is a reasonable presumption that only this class are engaged in the protection of commerce by sea. The Agnella was

justified in assuming that the pilot boat was staunch. It is not just that the owners of this old boat should continue her in service with her concealed infirmities until an accident compels repairs or rebuilding, and then recover as for a total loss at the expense of others. The Howard (D. C.) 30 Fed. 280; The Quaker City (D. C.) 19 Fed. 141.

The rule in admiralty is not to limit the recovery to old boats of half damages, unless for fault on their part, actual or constructive. We are firmly of the conviction that no such damage would have resulted to the Jordan, had she been strong and staunch, and her owners must be held to some responsibility for the exposed position of the pilot boat. The "notice rule" seems to have been confined to narrow channels, or when vessels are moored and inactive.

The decree appealed from should be amended, with directions to allow half damages, and it will stand affirmed, the costs of this court to be equally divided; and it is so ordered.