(80 South. 798)

JEFFERSON COUNTY v. GULF REFIN-
ING CO. OF LOUISIANA.   (6 Div. 795.)

(Supreme Court of Alabama.   Jan. 16, 1919.
Rehearing Denied Feb. 6, 1919.)

1. TAXATION ⬤⟿584—ACTION FOR TAXES—
DEBT OR ASSUMPSIT.

Either debt or assumpsit will lie to recover taxes due and unpaid.

2. PLEADING ⬤⟿63—COMPLAINT—STATUTORY
ACTION.

In actions based on statutes, it is necessary to show that act or omission. complained of as constituting cause of action is within provisions of statute which gives right of action, and all facts and circumstances which are necessary to support action must be alleged.

3. LICENSES ⬤⟿32(2)—ACTION FOR TAX—
PLEADING—SUFFICIENCY.  ·

A complaint, in action by county to recover license or privilege tax under act approved September 14, 1915 (Gen. Acts 1915, p. 527), held insufficient.

4. PLEADING ⬤⟿48—INFERENCES.

Facts which constitute cause of action should be stated in complaint and not left to inference.

5. PLEADING ⬤⟿63—STATUTORY ACTIONS—
EXCEPTIONS.

In action for debt, in declaring on a statute, if there be an exception in enacting clause of statute, pleading must show that defendant is not within exception; but, if exception be in a subsequent clause of· statute, it becomes a matter of defense to be shown by. defendant.

6. PLEADING ⬤⟿48—COMPLAINT—STATEMENT
. OF FACTS.

Code 1907, § 5321, which enjoins brevity, has not impaired substance of requirement that facts which constitute a cause of action should be stated.

7. ACTION ⬤⟿16—PRESERVATION OF FORMS OF
ACTION.

It is duty of judges to preserve forms of actions, and parties are not to be permitted to

─────────────────────────────────────────

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

convert them by their own contrivances, and to perplex court and jury with multifarious and inconsistent claims.

8. PLEADING ⬡34(4) — CONSTRUCTION OF PLEADING.

Under both Code and common law, a pleading must be construed most strongly against the pleader.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by the County of Jefferson against the Gulf Refining Company of Louisiana. From judgment for defendant, plaintiff appeals. Affirmed.

J. R. Tate and J. T. Davis, both of Birmingham, for appellant.

D. Edward Greer, of Houston, Tex., and Tillman, Bradley & Morrow and John S. Stone, all of Birmingham, for appellee.

MAYFIELD, J. The complaint in this case was as follows:

"The plaintiff claims of the defendant $1,250 as damages, for that from and including the 1st day of October, 1916, to and including the 30th day of September, 1917, the defendant engaged in selling illuminating, lubricating and fuel oils and gasoline at wholesale, that is to say, in quantities of 25 gallons or more, in Jefferson county, Ala., and during said time the gross sales of said articles made by the defendant in said county amounted to $250,000; and the plaintiff avers that the defendant has never paid said county any amount whatever on said gross sales as a license or privilege tax, as required by the act of the Legislature of Alabama, approved September 14, 1915, entitled 'An act to prescribe and fix the license or privilege tax to be paid by every person, firm, company, corporation or association engaged in any business, vocation, occupation, calling or progression in this state, or who shall in this state exercise any privileges, for which a license or privilege tax is or may be charged; to provide for and regulate the collection of such license or privilege tax; to fix the compensation to be paid for the collection of such license or privilege tax; to provide for the distribution, application and safe-keeping of the funds arising from the collection of such license or privilege tax; to fix a penalty for doing business without a license and to provide for the enforcement thereof, and to further provide for the general revenues.' "

The trial court sustained a demurrer to the complaint; the plaintiff declined to amend or plead further and suffered judgment, from which it appeals. We are not prepared to say there was error in sustaining the demurrer.

[1] It is not at all certain that the complaint states any cause of action. It has been repeatedly decided by this court that either debt or assumpsit will lie to recover taxes due and unpaid. If the amount be a sum certain as for a penalty, license, fee,

etc., debt is the appropriate action. Winter v. City of Montgomery, 79 Ala. 481, 488; Perry Co. v. Railroad Co., 58 Ala. 546; State v. Fleming, 112 Ala. 179, 20 South. 846. It is not easy to say whether this complaint was intended to state a cause of action in case as for a breach of duty, or in debt as for a sum certain due and unpaid, or in special assumpsit.

[2-4] The complaint, however, is fatally defective, whatever may be decided to be its form of action. It is certain that it seeks to recover a debt, claim, or demand created by statute, and attempts to plead the statute; and in doing so only states the title and date of the statute.

In declaring on general public statutes—though it may be different as to private ones—it is neither advisable nor necessary to state the title or date of the statute, or to recite any part of the statute because it is the law which need not be alleged; facts only are required to be alleged. It is necessary, however, in actions based on statutes, which are declared on as is done in this and similar actions, to show that the act or omission complained of, as constituting the cause of action, is within the provisions of the statute which give the right of action; and all facts and circumstances which are necessary to support the action must be alleged. A mere conclusion that the acts were against the form of the statute, contra formam statuti, will not suffice. It is sufficient, however, to allege the substance and effect of such necessary matter. 1 Chitty on Pleads. star page 386, bottom page 489; Gunter v. Dale County, 44 Ala. 639.

The only part of the statute declared on to which reference is made by title and date only, which lend color to the cause of action, here declared on, is section 2 of the act to be found on page 527 of the Acts of 1915, and by inference to paragraph 74 of the act to be found on page 515 of the same book. Section two of the act reads as follows:

"There is also hereby levied for the use of each county in the state a license or privilege tax upon each person, firm or corporation engaged in, or who shall carry on any of the occupations, business, professions, or callings, or shall exercise any privilege, or do any act for which a license is charged by the state, of fifty per cent. of the state license or privilege tax, except in cases where the amount of such county license is fixed by this act, and except in cases where it is provided that no county license is paid."

It will be observed that there is no express allegation in the complaint that the defendant did "any act for which a license is charged by the state." If there can be any such allegation, it must rest in inference only from paragraph 74 of the same act; and such is the insistence of counsel for the

county in argument. The facts which constitute a cause of action should be stated in the complaint, and not left to inference. Facts may be established inferentially from other facts shown in evidence, but this is a rule of evidence and not of pleading. Fidelity & Deposit Co. of Maryland v. Walker, 158 Ala. 129, 48 South. 600; Daniels v. Carney, 148 Ala. 81, 42 South. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612.

[5] In declaring on a statute it sometimes becomes necessary to set out or negative an exception or proviso which qualifies or discharges liability in certain events named. If there be an exception in the enacting clause of the statute, the plaintiff must show that the defendant is not within the exemption; but, if the exception be in a subsequent clause of the statute, that is matter of defense to be shown by the defendant. 1 Chitty, Pleads. star page 246.

While the rules of pleadings in civil cases are not so exacting and strict as in criminal cases, and matters may be waived in civil cases which could not be done as to indictments, yet these rules of pleadings as to exceptions and provisos in civil and criminal procedure in statutes are analogous, and the reasons for the rules are the same—especially is this true in actions to recover statutory penalties. The rule has been thus stated by this court:

"That if there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant does not come within the exception." Clark v. State, 19 Ala. 552; Bellinger v. State, 92 Ala. 86, 9 South. 399.

"If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party."

See Carson v. State, 69 Ala. 235; Grattan v. State, 71 Ala. 344.

[6] In Posey v. Hair, 12 Ala. 567, it was said that the certainty required in declaration, or plea, is such a statement of the facts constituting the cause of action, or ground of defense, as will enable them to be understood by the party who is to answer them, the jury who are to ascertain their truth, and the court who is to give judgment. The statute (Code, § 5321) which enjoins brevity as far as consistent with perspicuity, and the presentation of facts in an intelligible form so that material issue in law or fact can be taken thereon by the adverse party, has not impaired the substance of the requirement stated in the early cases, though it may be admitted that in some late cases the limit has been reached in permitting the allegation of mere conclusions. See, also, Weller

v. Camp, 169 Ala. 278, 52 South. 929, 28 L R. A. (N. S.) 1106.

[7] It is the duty of judges to preserve the forms of actions, and parties are not to be permitted to convert them by their own contrivances. Innovations of this kind should be resisted. The doctrine of pleading is founded in strong sense. Its excellence consists in its simplicity, in bringing some precise fact to issue; though certainly it has been often misapplied. A man shall not be permitted to spread his net so that with one sweep he may catch everything; this would mislead his opponent, perplex the court and jury with multifarious and inconsistent claims, and make it necessary to render different judgments in the same action. Strohecker v. Grant's Ex'rs, 16 Serg. & R. (Pa.) 241.

[8] Another rule of pleading common to both Code and common-law pleadings is that everything must be taken most strongly against the party pleading. If the meaning be equivocal, and two meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading, because it is to be presumed that every person states his case as favorably to himself as possible. Ala. G. S. v. Cardwell, 171 Ala. 281, 282, 55 South. 185.

The evil consequences of failing to observe these rules of law as to pleadings is well illustrated in this case. No lawyer or judge can tell by reading this complaint whether or not the plaintiff has any cause of action against the defendant, if every fact stated in the complaint be true. The complaint suggests or requests that the defendant, his counsel, or the trial court, should examine a statute covering 45 pages of the published acts, and in which hundreds—if not thousands—of penalties are imposed, if certain facts exist, and in which nearly every business or occupation in the state is required to pay a state or county tax, and some are required to obtain a license, and others not. Some businesses are required to pay a state tax, but not a county; some required to pay a county, but not a state. The act contains various exceptions and provisos.

There is no allegation that this defendant is liable as for a state or county license, nor as for a license or privilege taxed to either. The most that can be said is that it does show that defendant is liable as for a state tax, but whether it is a license tax, a fee, or privilege tax, it is not alleged, but left wholly to inference. There is no allegation that the amount claimed for the county is 50 per cent. of what it is liable to the state. The amount of the state tax is fixed by paragraph 74 of the act, and is gauged by the amount of the gross sales in the state, not merely in any one county. There is no

allegation that the defendant is within or without either of the exceptions mentioned in section 2 of the act. All of this is left to inference from, or construction of, the whole statute of 45 pages, and the few facts alleged in the complaint.

It follows that the trial court ruled correctly in sustaining the demurrer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.