# Scheerer *et al. v.* Agee.

### Bill in Equity to Enforce a Vendor's Lien.

1. *Bill for the foreclosure of a mortgage; amendment; when lack of equity can not be supplied by amendment.*—Where a bill is filed by one who is the equitable owner *pro tanto* of certain bonds secured by a mortgage, to enforce his right as such owner by the foreclosure of the mortgage securing said bonds, and the bill is wanting in equity because it does not aver that at the time of its filing the mortgage had matured, as in fact it had not, such bill can not be given equity, conferring upon the complainant the right to relief, by an amendment averring facts of a supplementary nature, which did not exist at the time the bill was filed; and this is true, notwithstanding the fact that under the averments of the amendment, the complainant would have been entitled to relief.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. JOHN G. WINTER.

[Scheerer *et .al.* v. Agee.]

The bill in this case was filed by the appellee against the appellants. The averments of the bill, as originally filed, and amended, and the purposes thereof are set forth at length in the report of the case as found in 106 Ala. 139; and it is, therefore, unnecessary to set them out at length on this appeal.

After the remandment of the cause, on the former appeal, the bill of complaint was amended, and also the prayer for relief. The facts averred, as finally amended, and the prayer for relief are sufficiently stated in the opinion.

To the bill as thus amended, the respondents demurred, and moved to dismiss the same upon the ground, among others, that the amendment to the bill presented a new case.

Upon the submission of the cause on the motions and demurrers, the court overruled the demurrers and motion. From this decree the respondents appeal, and assign the same as error.

HORACE STRINGFELLOW, for appellants.—Under our practice, supplemental matter, new facts occurring since the filing of the original bill, supporting the right of complainant to the relief thereby prayed, may be introduced by way of amendment. But upon facts occurring subsequent to the filing of the original bill the complainant can not obtain relief, no matter how introduced, whether by amendment or supplemental bill, if on the original bill relief could not be had.—*P. & M. Mut. Ins. Co. v. Selma Sav. Bank,* 63 Ala. 585. In such case the amendment makes a new case, and would "convert the amended bill into a new original bill." This being the condition of the bill—without equity—appellee, by his said amendment of January 16th, 1895, abandons his attempt to foreclose the deed of trust as equitable owner of the bonds held by Scheerer and asserts another right, prays for another relief, based upon facts occurring subsequent to the filing of said bill and amendment, which right, if it has any existence, had no existence when said original bill and amendment were filed.

SAYRE & PEARSON and GORDON MACDONALD, *contra.*
1.   The question of repugnancy of the bill in this case

was settled on the former appeal.—*Scheerer v. Agee*, 106 Ala. 139.

2. The amendment did not make a new case, and upon the facts as averred in said amendment being shown, the complainant was entitled to relief.—*Winston v. Mitchell*, 93 Ala. 554; *Conner v. Smith*, 88 Ala. 300.

McCLELLAN, J.—The rights of complainant, Agee, were held on the former appeal in this cause to be those of an equitable owner *pro tanto* of the bonds held by Scheerer secured by a mortgage on the property of the Cloverdale Land & Development Company; and his bill was then adjudged to be without equity for that it did not appear therefrom that the law day of said mortgage had passed when this suit for foreclosure thereof was commenced. The decree then presented for review was reversed, and complainant was given time within which to amend his bill in the particular referred to, if the facts admitted of such amendment.—*Scheerer et al. v. Agee*, 106 Ala. 139, 153-4.

The amendment then held to be necessary has not been made, but, to the contrary, it now appears on the abstract that the facts did not admit of it: the mortgage had not matured at time of bill filed.

The necessity for the amendment in question is, however, sought to be avoided by another amendment, made since the former appeal, to the effect substantially that Scheerer has meantime taken a conveyance of certain lands in satisfaction of the debt as collateral to which he held said bonds; or, in other words, has converted the bonds, of which complainant was equitable owner in part, into this land, the averment, more particularly, being that he surrendered said bonds to the mortgagor to be cancelled in consideration of a conveyance of said land, which was a part of the property embraced in said mortgage, to him. The prayer of the bill was also amended by substituting for the whole of the original prayer, except that part of it which asked general relief, a prayer for the subjection of said land as the property of Scheerer to the payment of complainant's demand or claim.

We do not think this amendment meets complainant's exigency at all. It is not a question as to his abstract right to reach and subject the land *at this time*, but

[Scheerer *et al.* v. Agee.]

whether he had any right to thus or in any manner reach and subject it *at the time the bill was filed*. And that he then had no such right—the land at that time belonged to the mortgagor, the law day of the mortgage not having transpired, and complainant at most being the owner of bonds secured by the mortgage running to maturity—is, we think, entirely clear. It may be admitted that had the facts averred in this amendment existed at the time the bill was filed, complainant could have sought and had the relief he now prays. It may be also admitted that although the conversion of the bonds into the lands securing their payment occurred subsequently to the filing of the original bill and subsequent to the several former amendments thereof, the complainant was entitled to further amend his bill and subject the lands as the property of Scheerer, if the original bill when filed contained equity. But neither of these concessions will avail the complainant. The facts averred in the amendment did not exist when the bill was filed, nor did the bill when filed contain equity. So far as complainant's abstract rights are concerned, it was then a bill to foreclose a mortgage securing bonds equitably owned by the complainant. It lacked equity, as we have seen, in that it did not aver that the mortgage had matured. Equity cannot be injected into it now by the averment of facts of a supplemental nature, not existing at the time of the filing. This principle is so obviously sound and so well supported by our former adjudications that we deem it necessary only to refer to the cases.—*Planters' &c. Ins. Co. v. Selma Savings Bank*, 63 Ala. 585, and cases there cited; *Park v. Lide*, 90 Ala. 246; *Freider v. Leinkauff*, 92 Ala. 469.

The demurrers to the bill as amended, and the motion of the several respondents to dismiss for the want of equity, proceeding on the ground that the amendment presented a new case, should have been sustained. The decree overruling said demurrers and motions is reversed; and, as the present bill cannot be now amended so as to present a case for equitable cognizance and relief, a decree will be here entered sustaining said demurrers and motions, and dismissing the bill, but without prejudice to complainant's right to file another bill, if so advised.

Reversed and rendered.