13 So.2d 576

## McCOY v. McCOY.

### 5 Div. 376.

Supreme Court of Alabama.

May 20, 1943.

Jacob A. Walker, of Opelika, and R. C. Wallace, of Lafayette, for appellant.

Will O. Walton, of Lafayette, for appellee.

THOMAS, Justice.

The appeal seeks a review of the ruling on demurrer to an answer and cross bill in a case seeking divorce.

The wife as respondent sets up several grounds why the pleas of the husband's bill for divorce should not be granted; seeks to establish her right in the homestead and, among other things, prays for such further, other or additional relief as she may be entitled to in the premises, except that she does not pray for a decree of divorce from the bonds of matrimony with the plaintiff.

In City of Birmingham et al. v. Louisville & Nashville R. Co., 216 Ala. 178, 112 So. 742, the general rule is stated that where the demurrer was directed to the whole pleading and grounds thereof directed to certain specified aspects, the decree overruling the demurrer to the bill as a whole and sustaining certain specific grounds of demurrer and overruling others, has the effect of striking the part thereof to which demurrer was sustained. It is said that the complainant may thereupon amend the part stricken and by express amendment eliminate the portion stricken by demurrer or if the bill still contains equity when amended may proceed thereon without amendment as if the defective feature had been stricken on motion.

It is further stated in Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413, that it was error to sustain a demurrer to a bill as a whole when any one of the several aspects presented grounds for equitable relief. Such was the effect of Maddox v. Hobbie, 228 Ala. 80, 152 So. 222; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Dean v. Lusk, 241 Ala. 519, 3 So.2d 310; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Hays v. McCarty et al., 239 Ala. 400, 195 So. 241; Jenkins v. Jenkins, 239 Ala. 141, 194 So. 493.

It follows from the foregoing decisions that since the demurrer was directed to the answer and the cross bill as a whole, and not to its respective aspects, it was error to sustain the same, when all of the aspects presented by that pleading were not subject to the demurrer in question. Code 1940, T. 34, § 22.

The averments as to cruelty were specific and so as to this the cross bill was sufficient. Hudson v. Hudson, 204 Ala. 75, 85 So. 282. Other cases to the foregoing effect are Badham v. Johnston, 239 Ala. 48, 193 So. 420; Rochell v. Oates, 241 Ala. 372, 2 So.2d 749; Robbins v. Schaefer, 242 Ala. 353, 6 So.2d 415; Barnes v. Powell, 241 Ala. 409, 3 So.2d 80; Breeding v. Ransom, 220 Ala. 82, 123 So. 899; Oliver v. Oliver, ante, p. 234, 12 So.2d 852.

It follows from the foregoing that the decree of the circuit court is in error and the cause is reversed.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.