20 So.2d 784

**SAVAGE v. SAVAGE.**

**7 Div. 823.**

Supreme Court of Alabama.

Feb. 1, 1945.

390

Irby A. Keener, of Centre, for appellant.

Reed & Reed, of Centre, for appellee.

GARDNER, Chief Justice.

Complainant, the husband, seeks a divorce from defendant, his wife, upon the ground of voluntary abandonment, the bill having been filed November 24, 1942. Upon submission of the cause for final de-cree upon pleading and proof, complain-ant was denied relief and his bill dismissed. From this decree this appeal is prosecuted.

Much evidence was taken to prove the charge of voluntary abandonment. These were young people living in the country, who were married in May, 1940, and separated November 11, 1940, the wife returning to the home of her parents. The proof abundantly supports the averments of the bill disclosing voluntary abandonment of the husband by the wife, and indeed, such was the finding of the trial judge. His opinion discloses that, viewed only as a bill for divorce on the ground of voluntary abandonment, relief was due to be granted to the complainant.

Defendant, however, had interposed a plea of res judicata, held sufficient by the trial judge upon challenge by the complainant; and it was upon consideration of this plea complainant was denied relief, the court being of the opinion that its averments were established by the uncontroverted proof. The only question, therefore, here for consideration relates to this plea of res judicata and the proof in substantiation thereof.

This plea discloses that complainant here filed a bill against this defendant on April 6, 1942, to which demurrers were interposed and sustained by the decree of the court on July 14, 1942, in which decree complainant was allowed 30 days within which to amend the bill. There was no amendment to the bill, and on November 16, 1942, the same was dismissed. The plea alleges that the former suit, being one for divorce between the same parties and seeking the same relief, precluded all issues sought to be litigated in the present suit or all that should have been litigated in the former suit which was dismissed.

It is, of course—as pointed out by the opinion of the court below—settled under our decisions that a dismissal of the bill after demurrer sustained and for failure to amend within a reasonable time given by the court has the effect of a final decree on the merits and may form the foundation for a plea of res judicata. Crowson v. Cody, 215 Ala. 150, 110 So. 46; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759.

The original bill forming the basis of the plea of res judicata was by this complainant against the defendant seeking a divorce on the ground of adultery, and

was filed in April, 1942. At the time this bill was filed, and at the time the decree sustaining the demurrer thereto was entered; i. e., July, 1942, the law required that, to support a charge of voluntary abandonment, such abandonment must have existed for a period of two years. The opinion of the trial court indicates that the bill could have been amended so as to charge voluntary abandonment, and reference is made in answer to the application for rehearing to the effect that the law as to the length of time required for divorce on the ground of abandonment was changed before the dismissal of the bill.

We are persuaded the learned trial judge inadvertently overlooked the date of the passage of the act which changed the law from two years to one year in cases of voluntary abandonment. The amendment to that effect is found in General Acts 1943, p. 425, amending Sec. 20, Title 34, Code of 1940. This amendatory act became effective July 10, 1943. It was considered and given retroactive effect in Sills v. Sills, ante, p. 165, 19 So.2d 521.

When the demurrer, therefore, to complainant's first bill was sustained in July, 1942, there existed for him no ground for divorce based upon voluntary abandonment; and the demurrer being sustained, complainant in the former suit evidently determined he could not sustain the charge of adultery, the only charge alleged in the bill. And it is not out of place to here add that, in all the proof offered, there is not the slightest reflection upon the character of the defendant in this case. So concluding, therefore, the complainant evidently intended to abandon his original bill and offer no amendment thereto. The effect of the judgment sustaining the demurrer was to eliminate the complaint until amendment filed (Birmingham Ry. & Electric Co. v. Allen, 99 Ala. 359, 13 So. 8, 20 L.R.A. 457; Fidelity & Deposit Co. v. Walker, 158 Ala. 129, 48 So. 600; 49 C.J. page 453; Dudley v. Whatley, 245 Ala. 202, 16 So.2d 192; McCoy v. McCoy, 244 Ala. 343, 13 So.2d 576; Bates v. Baumhauer, 239 Ala. 255, 194 So. 520; Altoona Warehouse Co. v. Bynum, 242 Ala. 540, 7 So.2d 497) though, as pointed out in Ex parte Dunlap, 209 Ala. 453, 96 So. 441, for a final disposition of the cause, an order of the court to that effect is to be entered.

In the former bill the question of voluntary abandonment was not, and could not have been, presented as a ground for divorce. It is held as a general rule that equity cannot be injected into a bill by the averments of facts of a supplemental nature not existing at the time the bill is filed. Scheerer v. Agee, 113 Ala. 383, 21 So. 81; Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13.

But that question is not here involved, for the simple reason that so long as complainant had control of his first suit for divorce, there existed no ground for relief based upon voluntary abandonment. It is true that the rule recognized in our jurisdiction is that, where the issues were broad enough to comprehend all that was involved in the issues of the second suit, the test is not what the parties actually litigated, but what they might or ought to have litigated. Crowson v. Cody; Fife v. Pioneer Lumber Co., supra.

But that principle can have no application in the instant case, where the ground for divorce for voluntary abandonment did not exist, either when the bill was filed or when it was subject to dismissal at the end of the 30 days allowed for amendment in the decree sustaining the demurrer thereto. The underlying principle of res judicata is placed upon public policy and necessity, making it to the interest of the State that there should be an end to litigation, and further, that the individual should not suffer the hardships of being vexed twice for the same cause. 34 C.J. page 743. No such public policy or necessity, and no such hardship on the individual is here involved. There are authorities to the effect that a final judgment in a divorce suit is a bar to subsequent divorce action based on acts or misconduct which were known, or should have been known, to exist at the time of the commencement of the first action and which should have been presented therein. A number of authorities treating different phases of this question, as applicable to divorce actions, may be found noted in 27 C.J.S. Divorce, § 174, pp. 829–831.

The facts here presented call for no elaborate consideration or discussion of these numerous authorities, as we think it clear enough that, as the ground of voluntary abandonment did not exist in complainant's former suit, the dismissal of his bill rested upon the ground of adultery could not form the basis of a plea of res judicata. As we have previously indicated, this is the only ground upon which the

392

trial court denied relief. We are not in accord with this view, and conclude that the complainant has established his right to divorce on the ground of voluntary abandonment.

The husband is a young man without property, and now in the Army. The wife holds a salaried position with the school authorities. We agree with the court below she was wholly at fault in the matter of disrupting this marital relation. In the exercise of what we consider a sound discretion, we conclude no alimony or attorney's fee is to be allowed. Sec. 31, Title 34, Code 1940.

It results that the decree must be reversed and one here rendered granting complainant a divorce as prayed for in his bill, and without any alimony provision, as above indicated. As to the matter of cost taxation, the trial judge divided the costs in the court below equally between the parties, and we do likewise here. Appellee will be taxed with the costs of this appeal.

Reversed and rendered.

THOMAS, FOSTER, and STAKELY, JJ., concur.