22 So.2d 599

## COUCH v. COUCH.

### 7 Div. 827.

Supreme Court of Alabama.

June 14, 1945.

Joe Brown, of Gadsden, for appellant.

Rains & Rains, of Gadsden, for appellee.

GARDNER, Chief Justice.

The bill is by the husband against the wife seeking a divorce on the ground of voluntary abandonment. From the decree in favor of the husband the wife prosecutes this appeal.

Preliminary to consideration of the cause upon the merits, appellant's counsel insists there was error in denying his motion to dismiss the bill based upon the theory of res judicata. Such a defense is proper to be presented by a plea rather than a motion. But as the motion was set down for hearing and duly considered and overruled, the manner of its presentation we treat as immaterial.

It appears that these young people—about twenty-five years of age—were married in December, 1939, and separated in June, 1940. In the year 1941 the wife filed a bill against the husband seeking a divorce on the ground of adultery, to which he filed answer and cross-bill. In this cross-bill he likewise sought a divorce on the ground of adultery committed on the part of his wife. Upon submission of the cause both were denied relief. It appears, however, that in the progress of the trial of this first suit the husband sought to amend his cross-bill by adding the ground of voluntary abandonment, and on motion of the wife this amendment was stricken.

Counsel cites the recent case of Savage v. Savage, Ala.Sup., 20 So.2d 784,[1] in support of the theory of res judicata. But we think it clear enough the authorities therein cited are persuasive that no such plea could be sustained in the instant case. The right of the husband to obtain a divorce on the ground of voluntary abandonment was not adjudicated in the former proceeding, by virtue of the action of the wife in obtaining a ruling of the court denying to the husband the amendment which sought to set up this ground. There was no error in the ruling denying appellant's motion. 27 C.J.S., Divorce, § 174, p. 830; Savage v. Savage, supra.

Coming to the merits of the cause little need be said. Counsel has cited applicable authorities as to the law (Kidd v. Kidd, Ala.Sup., 20 So.2d 515;[2] Miller v. Miller, 234 Ala. 453, 175 So. 284; Dabbs v. Dabbs, 196 Ala. 164, 71 So. 696), and only a question of fact is here presented. The testimony offered by the husband, who is now and has been for some three years in the armed services of the United States, sustains the contention of voluntary abandonment on the part of the wife. On the other

hand that offered by the wife is to the contrary, and a sharp conflict in the testimony is therefore presented.

It is quite clear this young couple will never be reunited, but the determination of fact as presented by this record is one not free from difficulty. To discuss the evidence would serve no useful purpose. Suffice it to say, it has been read and studied with care, and the conclusion reached that the decree of the court below should not be here disturbed.

The trial judge, in the exercise of a sound discretion, made no provision for alimony and attorney's fees. Perhaps he took into consideration the fact this young man has no property of any character, and the further fact that the wife, who was held to have voluntarily abandoned the husband, has for some time been drawing the Government allotment of fifty dollars a month.

Upon due consideration we find ourselves also unwilling to disturb the ruling in this respect. Title 34, Sec. 31, Code 1940; Savage v. Savage, supra.

It results that the decree is due to be affirmed, and it is so ordered.

Affirmed.

THOMAS, FOSTER, and STAKELY, JJ., concur.