191 So.2d 211

**Robert McCALL**

**v.**

**Louise McCALL.**

**6 Div. 344.**

Supreme Court of Alabama.

Oct. 20, 1966.

J. G. Adams, Jr., Birmingham, for appellant.

Chas. C. Williams, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal by Robert McCall from a decree of the Circuit Court of Jefferson County, in Equity, dismissing his bill for divorce filed on March 1, 1966.

Taking the events in chronological order, the spouses were married on March 10, 1958. They lived together until July 13, 1964, when the wife left the bed and board of appellant. Some four months thereafter on November 11, 1964, the appellant filed suit for divorce on the ground of physical cruelty. Then on August 4, 1965, slightly longer than a year after the separation, appellant amended his bill by adding the ground of voluntary abandonment. The chancellor heard testimony in the cause and on September 1, 1965, rendered a decree denying the divorce and dismissing the case.

The appellant, with different counsel, filed a new suit on March 1, 1966, alleging only voluntary abandonment. To the complaint in this new suit the appellee filed a "Plea for Dismissal," the basis of said plea being that the decree in the original suit denying the divorce and dismissing the bill, was res judicata of the present action.

The court granted appellee's "Plea for Dismissal" and from such order appellant perfected this appeal.

The sole question before us is whether the chancellor could make an adjudication of the issue of voluntary abandonment in the first suit where the bill was filed less than a year after separation of the spouses and amended later to include that ground of divorce.

We are constrained to answer in the negative, for the rule in this state is that an amendment relates back and becomes effective as of the date of the filing of the original bill, and the complainant has the burden of showing by averment and proof that he had an equitable cause of action as to which he had the right to invoke the court's intervention at the time the original bill was filed. Equity Rule 28, Subdiv. (f), Code of Alabama 1940, Title 7; Moates v. City of Andalusia et al., 254 Ala. 629, 49 So.2d 294 [1].

It is also the rule that equity cannot be injected into a bill by the averment of facts of a supplemental nature not existing at the time the bill is filed. Scheerer v. Agee, 113 Ala. 383, 21 So. 81; Savage v. Savage, 246 Ala. 389, 20 So.2d 784.

In *Savage*, supra, the parties were separated on November 11, 1940. The husband filed a bill for divorce on the ground of adultery in April, 1942. A demurrer to the bill was sustained in July 1942, and the suit was dismissed on the husband's failure to amend. On November 24, 1942, the husband filed a new suit on the ground of voluntary abandonment. (The statutory period at that time was two years.) A plea of res judicata was interposed on behalf of the wife. This court held that since the statutory period for abandonment had not elapsed when the demurrer was sustained, there existed no ground for divorce based upon voluntary abandonment. Therefore the dismissal of the prior suit was not res judicata of the new suit because the question of abandonment was not and could not have been presented as a ground for divorce.

■ So it is in the instant case, that the matter of abandonment vel non, could not have been adjudicated by the learned chancellor since the amendment of August 4, 1965, related back to the original bill which was filed only four months after the separation.

It was error to sustain the plea of res judicata.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.