267 So.2d 169

**Mae SANDERS**

**v.**

**Erle DANLEY et al.**

**5 Div. 925.**

Supreme Court of Alabama.

Sept. 28, 1972.

Oakley W. Melton, Jr., Montgomery, Robert S. Milner, Wetumpka, J. Henry Henderson, Jr., Alexander City, for appellant.

**326**

Reneau & Reneau, Wetumpka, for appellees.

MADDOX, Justice.

This case is an appeal from a final decree of the Circuit Court of Elmore County, Alabama, sitting in equity, dismissing the cause filed by the complainant-appellant, Mae E. Sanders, against the respondents-appellees, Erle Danley, Samuel Kaufman, Merwyn E. Danley, I. D. Sanders, and Deer Park Estates, a corporation.

Mae Sanders filed her bill of complaint on August 4, 1970. Demurrers filed by all the respondents were sustained, and the appellant was given thirty days to amend her bill. On March 9, 1971, the appellant filed an amended bill of complaint to which the respondents, with the exception of I. D. Sanders, filed demurrers which were sustained on April 8, 1971. The court allowed the appellant fifteen days in which to amend. No amendment was made by the

appellant and the cause was dismissed on May 8, 1971.

The single, dispositive issue for consideration on this appeal is whether the bill of complaint alleged facts sufficient to state an equitable cause of action against the appellees?

The pertinent facts, as taken from the appellant's original and amended bill of complaint with attached exhibits, are as follows: The appellant was married to I. D. Sanders, one of the appellees, on April 22, 1959, and, on the same day, her then husband and a Mrs. Harwell entered into a "bond for title" agreement whereby Mrs. Harwell was to sell property, (hereinafter referred to as parcels I and II) to him. The down payment of $400 and monthly payments of $200 each were paid by the appellant. Appellant claims she made payments totaling $13,233.40 to Mrs. Harwell. Her then husband was the named vendee of the "bond for title" agreement with Mrs. Harwell. On April 29, 1963, the appellant and her then husband, I. D. Sanders, agreed to permit Noble Crump to purchase parcels I and II due to the inability of the appellant to continue making payments to Mrs. Harwell. In August of 1965, the appellees, Erle Danley, Samuel Kaufman, Merwyn Danley, and I. D. Sanders, formed Deer Park Estates, and shortly thereafter, one of the incorporators, Erle Danley, purchased parcel I from Noble Crump. The corporation, Deer Park Estates, purchased parcel II from Crump. On August 27, 1965, Erle Danley leased parcel I to I. D. Sanders for $100 per month, and on the same day executed an option to purchase the same parcel to I. D. Sanders. The $100 monthly payments were made by the appellant, out of her personal funds, starting on September 1, 1965. The appellant's husband deserted her in April, 1969, after which Erle Danley sought to sell parcel I on which the appellant had resided since April, 1959. The appellant then filed suit praying for whatever relief was appropriate under the facts as alleged.

Appellant contends that the facts, as alleged, show that the bill, as amended, contained equity and the order of dismissal was erroneous.

■ Appellant's theory is that since she alleged that she made payments for parcels I and II, either to Mrs. Harwell or to Noble Crump, she had an equitable interest in the property. Appellant argues that she should have the property on the theory that having made payments to Mrs. Harwell on the "bond for title," a "resulting trust" was created whereby her former husband held her rights to the property in trust so that he violated his fiduciary duty when he allowed the respondents, Deer Park Estates, and Erle Danley, to purchase the property. This theory apparently must fail. No facts in the bill of complaint show that the appellant continued to make payments to Noble Crump following the conveyance of the land from Harwell to Crump. On the contrary, the original bill of complaint contains the following allegation:

". . . (S)he, (the complainant) was unable to continue to make the payments in accordance with the agreement entered into on April 22, 1959, and that Respondent, I. D. Sanders, and your complainant permitted Noble Crump to purchase the lands hereinabove described from Mrs. Josephine Harwell on the 29 day of April, 1963, said deed being recorded in Deed Record Book 151, at Page 81, in the Office of the Judge of Probate of Elmore County, Alabama." (Emphasis Added).

■ Nothing appears in this allegation to show that the appellant continued to make payments to Noble Crump under the pre-existing "bond for title" arrangement. A "bond for title" is in legal effect ordinarily regarded as a contract to convey land. 91 C.J.S. Vendor and Purchaser § 44, p. 895. From aught that appears, the appellant, on realizing her inability to continue making payments under the "bond for title" arrangement with Harwell, agreed to have her contract right to the

property cancelled and title conveyed to Crump. Nothing appears in the complaint to show that Crump took the property pursuant to an agreement to convey title to I. D. Sanders on completion of monthly payments by the appellant. Rather, it appears that Crump took the unencumbered title from the Harwell. Thus, any pre-existing fiduciary duty owed by I. D. Sanders to the appellant was extinguished in that it does not appear that I. D. Sanders continued to have an expectancy in the title to the property held by Crump as a result of payments agreed to be made or actually made by the appellant to Crump.

In summary, the amended bill of complaint, when taken with the original bill, does not contain facts which show that the "bond for title" agreement continued when the land was conveyed to Crump. No allegations are made that the appellant continued to make payments on the bond for title to Crump. Thus, the bill does not show that the appellant retained any interest in the property that could be protected from the misdealings, if such existed, of the appellees. Absent such a showing, there is no equity in the bill so that the lower court did not err in sustaining the general demurrers of appellees, Erle Danley, Merwyn Danley, Sam Kaufman, Deer Park Estates, a corporation, to the amended bill. Nor did the lower court err in dismissing the bill upon the failure of the appellant to amend within a reasonable time. Savage v. Savage, 246 Ala. 389, 20 So.2d 784 (1945).

However, I. D. Sanders did not refile his demurrer to the amended bill so that the appellant was under no obligation to amend the bill for a second time as to I. D. Sanders. Nevertheless, the dismissal as to I. D. Sanders was also proper in that, where a bill does not show an equitable right as in the instant case, the court may dismiss the bill on its own motion. Caudle v. Cotton, 234 Ala. 126, 173 So. 847 (1937).

For the reasons set out above, the lower court did not err in dismissing this cause as to all the appellees, so that the decree of dismissal is affirmed.

Affirmed.

All Justices concur except SIMPSON and COLEMAN, JJ., not sitting.