This is an appeal from an order quieting title to certain real estate, situated in Houston County, Alabama, in Payne, as Receiver *Page 1099 
of Alliance Insurance Company, a bankrupt corporation. We affirm.
December 30, 1960, F.O. Majors (founder, president, and chief executive officer of Alliance Insurance Company) and his wife, Trudie, conveyed by warranty deed, a house and lot to Alliance Insurance Company. The conveyance was subject to a mortgage on the property to H.A. Hicks. On December 31, Majors, as president of Alliance, executed a "bond for title" in favor of himself individually, and his wife. The recited sales price was $20,000, payable in monthly installments of $125.96 for 22 years. At the end of this period, Alliance was obligated to convey the property to Majors and his wife. Majors paid the monthly payments until February, 1969. On this date the outstanding balance was $14,962.42.
On August 1, 1971, Alliance paid the balance due on the mortgage to Hicks, and the mortgage was satisfied.
After the conveyance to it, Alliance carried the property on its books as an asset. The value of the property was used to offset Alliance's reserve liabilities. On November 14, 1961, the Majors executed a mortgage on the property to W.S. and A.E. Rice. They foreclosed the mortgage on June 26, 1972. Following this, the Rices quit-claimed the property to IRM Corporation on March 10, 1975. The IRM Corporation is a Florida corporation, whose officers and principal stockholders are the sons of Majors, and his secretary. The principal business office of IRM is located in a Panama City, Florida beach motel where Majors, his wife, sons, and secretary reside.
Prior to executing the mortgage foreclosure by the Rices, Majors was notified by Alliance, on February 20, 1970, that his account was delinquent. In June, 1972, Majors was advised by the Receiver that the "bond for title" was in default, was declared void, and all payments on it were considered rent.
On April 21, 1975, the Receiver petitioned to have title to the property quieted in Alliance, to void the mortgage from the Majors to the Rices, to void the foreclosure deed in favor of the Rices, to void the quit-claim deed to IRM Corporation, and to find that the Majors have no interest in the property. The Majors cross-claimed by asking the court to declare the Majors were either holders of the fee simple title, or holders of an equity of redemption. They further asked that the court find IRM the holder in due course or equitable holder in due course of the Rices' interest. The trial court heard the case ore tenus, and granted relief prayed for by the Receiver, and denied the cross-claim.
The primary issue for our determination is whether the trial court was correct.
The principal contention of the Majors is that the court construe the "bond for title" as a "mortgage," and thus enable them to be record title owners with a mortgage to Alliance. We reject this contention.
A "bond for title" has the legal effect of a contract to convey land. Sanders v. Danley, 289 Ala. 324, 267 So.2d 169
(1972); Wainwright v. Rolling Acres, Inc., 289 Ala. 593,269 So.2d 123 (1972). Here, Majors received notice from the assistant treasurer of Alliance on February 20, 1970, that his account was delinquent; he received notice from the Receiver in June, 1972, that the "bond" was in default. Under the terms of the "bond for title," default in payments voided the contract as it related to the purchase of the property at the option of Alliance. The Receiver, standing in the place of Alliance, exercised the option. Even if we treated the "bond" as a "mortgage," under the facts and circumstances of this case, the time for "equitable redemption" had expired. No clear reason existed for extending this time beyond the statutory period. Cf. Caudle v. First Federal Savings Loan Association,295 Ala. 274, 327 So.2d 911 (1976); W.T. Smith Lumber Co. v.Barnes, 259 Ala. 164, 66 So.2d 77 (1953).
The trial court found that Majors had no interest in the property which he could mortgage to the Rices. Therefore, *Page 1100 
their foreclosure, and transfer to IRM Corporation cannot affect the title to the property. As the court tried the case ore tenus, we would have to substitute our judgment on the evidence for his, to reach a different result. His findings are cloaked with a presumption of correctness, and will be disturbed only when manifestly unjust. Jones v. Ball, 294 Ala. 654, 320 So.2d 665 (1975); Smith v. Gill, 293 Ala. 736,310 So.2d 214 (1975).
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.