Charles and Mary Swanson, along with 32 other plaintiffs (hereinafter collectively "the Swansons"), appeal from the judgment of the trial court denying them a *Page 1247 
permanent injunction against the defendants, Charles and Annie Green and W.C. and Shirley Holladay. All of the parties are landowners in the Rolling Acres subdivision in Hope Hull, Alabama. The central issue is whether the defendants should be prohibited from operating commercial activities on their property because of a restriction contained in previous bonds for title on their property.
Truman and Woodard Luker, along with Epsi Dodd, formed Rolling Acres, Inc., in 1969 for the purpose of subdividing and selling lots on an 800-acre tract of land in Lowndes and Montgomery Counties. The Holladays acquired one lot in Rolling Acres on September 20, 1971, by way of a bond for title. That document contained a provision that read, "No commercial business shall be conducted on the property." They received a warranty deed on the lot from Rolling Acres on April 1, 1973; that conveyance, however, did not mention the restriction on commercial activity. The Holladays now operate an automobile repair business on their property.
Rolling Acres sold to T.S. and Emma Carpenter a lot through a bond for title on April 1, 1971, that contained the same restriction. The deed they obtained on the property on March 9, 1983, however, did not mention the restriction. The Greens purchased the Carpenters' lot in 1988 and received a warranty deed that also was silent regarding the restriction. The Greens now conduct a trucking business on their property. All of the above bonds for title and deeds were recorded in the Lowndes County Probate Court.
In denying the injunction the plaintiffs sought, the trial court entered the following order after an ore tenus hearing:
 "Upon consideration of the evidence presented at trial and the supporting briefs, the Court finds that any restrictions in a bond for title run only with the contract and not with the land. That the Defendants Charles Green and Willie C. Holladay received deeds which contained no restrictions, and they are not prohibited in any way from engaging in commercial activity on the property they own and use in the Rolling Hills subdivision of this county.
 "The Court further finds from the evidence presented at trial that no legitimate developmental plan or scheme exists in said Rolling Acres subdivision which prohibits commercial land usage. The Court further finds that none of the conditions set forth in Scheuer v. Britt, [218 Ala. 270,] 118 So. [658] 659 (1928), for a residential use existed in this case. That is, the original developer did not (1) plat the subdivision with commercial restrictions, did not (2) advertise the lots in the newspaper as being exclusively for residential purposes, and did not (3) restrict 'substantially all' the deeds of the lots in the subdivision by including language in said deeds prohibiting commercial activity. On the contrary, at least 30 of the original deeds of the lots in Rolling Acres subdivision, as reflected in the evidence presented at trial, out of approximately 50 deeds, contained no prohibitions or restrictions at all against commercial activity.
"In consideration of the foregoing, it is
 "ORDERED, ADJUDGED and DECREED, that the Plaintiffs' prayer for relief is hereby denied in its entirety.
 "It is further ORDERED, ADJUDGED and DECREED, that there are no restrictions or prohibitions against commercial activity of any kind on the property of the Defendants Charles Green and Willie C. Holladay and that there is no residential plan or scheme against commercial activity in the Rolling Acres subdivision as required by law to entitle the Plaintiffs to any relief."
The Swansons argue that the Greens and the Holladays are bound by the restriction in their respective bonds for title and, thus, are precluded from conducting any business on their property. Specifically, they urge this Court to hold that restrictions in bonds for title are as binding as those in deeds. We decline to do so.
Black's Law Dictionary 162 (5th ed. 1979) defines a "bond for title" as "[a]n executory or incomplete sale. It is not aconveyance of legal title but only a contract *Page 1248 to convey and may ripen into an equitable title upon payment of the consideration." (Citation omitted, emphasis added.) "A 'bond for title' has the legal effect of a contract to convey land. Sanders v. Danley, 289 Ala. 324, 267 So.2d 169 (1972);Wainwright v. Rolling Acres, Inc., 289 Ala. 593, 269 So.2d 123
(1972)." Majors v. State ex rel. Payne, 336 So.2d 1098, 1099
(Ala. 1976). Thus, a deed, as a conveyance of title, is an entirely different instrument from a bond for title.
The Swansons' argument also ignores the doctrine of merger, which holds that, absent fraud or mistake, when a contract to sell or convey land is consummated by execution and delivery of a deed, that contract becomes "functus officio" and the deed becomes the sole memorial of the parties' agreement.[1] Thibodeauxv. Holk, 540 So.2d 1378 (Ala. 1989); Alpine Bay Resorts, Inc.v. Wyatt, 539 So.2d 160 (Ala. 1988). See, also, Cornelius v.Austin, 567 So.2d 1245 (Ala. 1990). Therefore, a deed, not a bond for title, determines the rights of the parties. Because none of the deeds involved here contains any restriction regarding commercial activity, the provisions in the bonds for title prohibiting business on the Holladays' property and the Greens' property "merged with" the deeds and are of no effect.
Notwithstanding the failure of the deeds to restrict the Holladays' and the Greens' use of their property, the Swansons could still succeed if they can prove that there was a common scheme to so restrict commercial activity at the inception of the Rolling Acres subdivision. Generally, a common building scheme may be evidenced by: 1) universal written restrictions in all of the deeds of the subdivision; 2) restrictions in a substantial number of such deeds; 3) the filing of a plat showing the restrictions; 4) actual conditions in the subdivision; or 5) acceptance of the actual conditions by the lot owners. 7 Thompson on Real Property § 3163, p. 124 (1962 repl. vol.).
The Swansons argue that the restrictions included in some deeds to Rolling Acres property are evidence of a common scheme. Scheuer v. Britt, 218 Ala. 270, 118 So. 658 (1928), cited by the trial judge, involved a restrictive covenant that limited all lots in a subdivision to residential purposes only. The plat for the subdivision specifically stated that the property sold was limited to residential uses. In addition, the advertisement in the local newspaper prior to the auction sale of the property contained a notice that the lots were to be sold for residential purposes only.
More importantly, all but one of the deeds in Scheuer
contained the restrictive covenant, which led this Court to find that "substantially all" of the deeds to lots that had been purchased in the subdivision contained the restrictive covenant. 218 Ala. at 271, 118 So. at 659. Thus, this Court held that a general scheme existed in Scheuer in spite of the absence of the restrictive covenant in the deed to the property at issue.
As the trial court pointed out here, none of the factors that supported the result in Scheuer are present. We find the trial court's judgment to be correct; it is, therefore, affirmed.
AFFIRMED.
MADDOX, ADAMS and STEAGALL, JJ., concur.
HORNSBY, C.J., and ALMON, J., concur in the result.
[1] Neither side raised any claim of fraud in any of the pleadings.