After an ore tenus hearing, the trial court, as summarized in the lead opinion, made several findings of fact:
 "(1) Jeffreys had established a common scheme of development that inured to the benefit of all of the purchasers of tracts within Sharit Dairy Mini-Farms, (2) the other [16] purchasers had observed and abided by the common scheme by building their houses at least 100 feet from Sharit Dairy Road, and (3) the Collinses had actual notice of the common scheme when they purchased tract 26, and they proceeded with the construction at their own risk, in direct violation of the setback requirement."
938 So.2d at 384 (footnotes omitted). The trial court also found Sharit Dairy Mini-Farms to be a "private subdivision," i.e., a subdivision that did not require governmental approval and was not subject to regulations generally applicable to subdivisions. In my opinion, these findings are sufficient to establish a common building scheme under factors 4 and 5 recognized in Swanson v. Green, 572 So.2d 1246, 1248
(Ala. 1990). *Page 398 
The lead opinion merely substitutes its opinion for that of the trial court, thereby ignoring the ore tenus standard of review. In my opinion, the trial court's aforementioned findings of fact are not clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence, and the trial court's judgment based on those findings should be affirmed. Therefore, I respectfully dissent.
NABERS, C.J., concurs.