THOMAS, Judge,
concurring ip part and dissenting in part.
I write to. express my agreement with Presiding Judge Thompson’s analysis regarding the significant, “hidden assets” of Stuart.C. Dubose (“the husband”). I believe that, in determining child-support obligations, trial courts should be able, to *1154 consider financial resources that are not currently producing income if those assets could be income-producing ventures. Like Presiding Judge Thompson, I find persuasive the reasoning of Barton v. Hirshberg, 137 Md. App. 1, 20, 767 A.2d 874, 884 (2001), and Stekr v. Beecham, 291 Neb. 883, 888-89, 869 N.W.2d 347, 351-52 (2015). Accordingly, I disagree with the determination of the main opinion that there was not sufficient evidence supporting consideration of the husband’s assets in determining his child-support obligation. In all other respects I concur in the main opinion.
MOORE, Judge,
concurring in part, concurring in the result in part, and dissenting in part.
Following the remand of this, case by this court in Dubose v. Dubose, 172 So.3d 233 (Ala. Civ. App. 2014) (“Dubose III”), the Clarke Circuit Court (“the trial court”) entered a judgment (“the amended judgment”) clarifying the property within the marital estate, explaining its child-support order, and specifying the amount of attorney’s fees awarded to Allison T. Dubose (“the wife”). Stuart C. Dubose (“the husband”) filed a postjudgment motion under Rule 59, Ala. R. Civ. P., arguing that the trial court had made various errors in the amended judgment and requesting Oral argument on that motion. Specifically, the husband maintained that the trial court had erred (1) in classifying a 90-horsepow-er tractor as marital property contrary to the evidence, (2) in classifying a backhoe as marital property contrary to the evidence, (3) in imputing income to the parties when determining child support, and (4) in awarding the wife an amount of attorney’s fees contrary to the evidence. Determining that it had complied with this court’s mandate in Dubose III, the trial court denied the postjudgment 'motion without a hearing.
The husband argues as the first point in his appellant’s brief to this court that the trial court committed reversible error in ruling on his postjudgment motion without conducting a hearing. Generally speaking, after a trial court amends a judgment, a party has a-right to file a postjudgment motion to contest any prejudice to his or her substantive rights resulting from the amendments. See Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985). That rule applies when a trial court amends a final judgment in compliance with remand instructions from an appellate court. Vinson v. Piedmont Hous., Inc., 198 Ga. App. 814, 815, 403 S.E.2d 96, 97 (1991). “[I]f a party requests a hearing on its motion! ] for a new trial, the court must grant the request. Rule 59(g), Ala. R. Civ. P.” Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000). However, any error in failing to grant a hearing on a post-judgment motion would not require reversal if the error is harmless.
“Harmless error occurs, within the context of a Rule 59(g)[, Ala. R. Civ. P.,] motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the mov-ant, by application of the same objective standard of review as that applied in the trial court.”
Greene v. Thompson, 554 So.2d 376, 381 (Ala. 1989). Thus, I analyze each ground asserted in the husband’s' postjudgment motion according to the same objective standard of review used by the trial court in order to determine whether the trial court committed reversible error in denying the postjudgment motion without a hearing as to that ground. See Terminix Int’l Co., Ltd. v. Scott, 142 So.3d 512 (Ala. 2013) (remanding for hearing on issue of arbitrator bias, which had probable merit, *1155 but ruling that issue of arbitrator error in failing to apply limitation of remedies and damages contained in termite-services contract would not need to be addressed on remand because it lacked probable merit).
Property Division
In his postjudgment motion, the husband maintained that undisputed evidence proved that his father, Melton Dubose, had legitimately acquired ownership of the backhoe and the 90-horsepower tractor awarded to the wife. The husband contended that the trial court had violated the due-process rights of Melton by awarding the wife his property in a case in which he was only a witness, not a party. See Bonner v. Bonner, 170 So.3d 697 (Ala. Civ. App. 2015).
Rule 61, Ala. R. Civ. P., provides:
“No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.”
(Emphasis added.) The husband did not allege that the error in classifying the backhoe and the tractor as marital property adversely affected his substantial rights, such as by rendering the property division inequitable. He asserted only that the ownership rights of Melton, a nonparty, had been impaired. According to Rule 61, the trial court must have disregarded that alleged error in ruling on the husband’s postjudgment motion. Applying that same objective standard of review on appeal, this court must also disregard,that alleged error. Moreover, we lack jurisdiction to independently consider the point because the husband does not have standing to assert on appeal Melton’s rights.[3] See J.S. v. Etowah Cty. Dep’t of Human Res., 72 So.3d 1212, 1223-24 (Ala. Civ. App. 2011) (a party does' not have standing to assert on appeal that the underlying judgment prejudices the rights of a third party). I therefore dissent from the main opinion insofar as it reverses the judgment based on the award of the backhoe and the tractor to the wife.
Child Support
In his postjudgment motion, the husband noted that the wife did not submit a CS-41 child-support-obligation income statement/affidavit form as • directed and that the trial court did not complete a CS-42 child-support-guidelines form to determine child support, as required by Rule 32, Ala. R. Jud. Admin. Instead, the trial court imputed monthly income of $5,000 to the wife and “a minimum of’ $6,300 a month to the husband based on the information in the record. The husband argued that the trial court should not have imputed income to the wife, but should have determined her actual income, and that the trial court should not have imputed income to-, the husband because he was not voluntarily *1156 unemployed and no evidence supported the imputed-income ■ amount. See Rule 82(B)(5), Ala. R. Jud. Admin. The wife subsequently submitted a CS-41 form containing the imputed-income amounts determined by the trial court in the amended judgment before the trial court ruled on the postjudgment motion.
I agree with the main opinion that the husband’s arguments against the child-support determination appear to have merit. The record suggests that the trial court incorrectly reduced the actual income of the wife without any lawful basis. The trial court, concluding that the husband was voluntarily unemployed, also imputed monthly income of $6,300 to the husband without any evidence indicating that he is able to earn that income. Rule 32(B)(5), Ala. R. Jud. Admin., provides, in pertinent part:
“If the court finds that either parent is voluntarily unemployed' ■ or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall- calculate child support based on that parent’s imputed income. In determining the amount ■' of -income to be imputed to a 'parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent's recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in . the community.” -
“In cases of voluntary underemployment, the amount of income to be imputed to the parent is a question of fact to be decided based on the evidence presented to the trial court.” Stone v. Stone, 26 So.3d 1228, 1231 (Ala. Civ. App. 2009) (emphasis added).
In this case, the amended judgment suggests that the trial court believed that the husband could work, but the amended judgment does not explain how the trial court determined from the evidence that the husband could earn as much as $6,300 per month given his disbarment and physical problems. As the main opinion concludes, the trial court could have imputed income from the assets that the husband concealed. 230 So.3d at 1143. The judges who dissent as to this issue, relying on law from other- jurisdictions, argue that the trial court could have imputed--a reasonable interest rate that could be derived from those assets or could have deviated from the child-support guidelines by imputing income that could be derived from liquidating the husband’s assets. 230 So.3d at 1151-52 (Thompson, P.J., concurring in part and dissenting in part); see also 230 So.3d at 1153-54 (Thomas, J., concurring in part and dissenting in part). Even if Alabama law permitted the trial court to adopt an interest rate without any evidence, which has never been decided, the amended judgment does not express that the trial court did so in this case. Also, the trial court did not comply with Rule 32(A), which requires any deviation from Rule 32 to be explained in writing in the record. Obviously, it would be unjust to deprive a child of child support from income a parent conceals, but the trial court must comply with the law when correcting that injustice. Given' the circumstances, at a minimum, the husband is entitled to a hearing on his postjudgment motion to question the method by which the trial court calculated his income.
Attorney Fees
In Dubose III, this court reviewed the trial court’s order that the husband pay all of the wife’s attorney’s fees. The court determined that the trial court had not erred “in ordering the husband to pay at least a portion .of the wife’s attorney fees,” *1157 172 So.3d at 247, but remanded the case because the trial court did not consider the amount or reasonableness of the fees. On remand from this court’s decision in Du-bose III, the trial court ordered the wife’s attorney to submit an itemized bill for the services he had rendered in the divorce action. The wife’s attorney submitted a billing statement, dated November 30, 2009, itemizing his services from March 18, 2008, through November 25, 2009, totaling $49,813.50, which had accumulated at an hourly rate of $175. Evidence in the record shows that the wife had paid $5,000 of those fees and that the wife’s attorney had disbursed to himself three amounts totaling $17,000 from his attorney’s trust account, which was funded by the sale of coins collected by the husband. The trial court ordered the husband to pay $11,250 as “a reasonable amount” of the wife’s attorney’s fees. The husband argued in his postjudgment motion that the evidence did not show that the wife had a need for him to pay her attorney’s fees or that he had the ability to pay those fees.
I agree with the main opinion that the trial court could have awarded the wife attorney’s fees without regard for “financial need” if such an award of fees consti-. tuted a sanction for contempt, see Ala. Code 1975, § 30-2-54, or for the violations of the trial court’s discovery orders. See Rule 37(b)(2)(D), Ala. R. Civ. P. In the amended judgment, the trial court did not specify the basis for the award of attorney’s fees, but, in his postjudgment motion, the husband did not seek clarification on that point, make any argument that he was not in contempt, or make any argument that he had not violated the discovery orders. Even if he had, those arguments, having not been raised in his previous appeal, would have been barred under the law-of-the-case doctrine. See Scrushy v. Tucker, 70 So.3d 289 (Ala. 2011) (party that did not raise issue in original appeal could not later, raise issue in subsequent .proceedings). The evidence shows that the husband has the ability to pay the fees awarded to the wife. Under these circumstances, the husband failed to show probable merit in his postjudgment motion.
However, I do not join any aspect of the main opinion implying that a trial court can, independently of § 30-2-54 or Rule 37(b)(2)(D), award attorney’s fees solely on the basis that one party’s “conduct during the litigation unnecessarily prolonged the matter or increased litigation costs, including attorney fees.” 203 So.3d at 1146. I also do not agree that, in assessing the wife’s need for the husband to pay her attorney’s fees, a court should consider only the wife’s salary and not any of her assets. 203 So.3d at 1146. Because the husband’s postjudgment lacked probable merit under the posture of this case, I do not explain the reason for my disagreement at length other than to say that those propositions are not supported by the law on attorney’s fees in divorce cases as established by our supreme court. See McNutt v. Beaty, 370 So.2d 998, 1000 (Ala. 1979); Silver v. Silver, 269 Ala. 517, 520, 113 So.2d 921, 924 (1959); Couch v. Couch, 247 Ala. 70, 72, 22 So.2d 599, 600 (1945); Savage v. Savage, 246 Ala. 389, 392, 20 So.2d 784, 786 (1945); Mancil v. Mancil, 240 Ala. 404, 405, 199 So. 810, 811 (1941); Brady v. Brady, 144 Ala. 414, 39 So. 237 (1905); and Ex parte Smith, 34 Ala. 455 (1859).
Conclusion
I dissent from the reversal of the amended judgment as to the property division. I concur that the case should be remanded for a hearing on the husband’s postjudgment motion in regard to the child-support award. I also concur that the judgment should be affirmed as to the *1158 award of attorney’s fees, but not for the reasons stated in the main opinion.

. I agree that, because Melton was not a party to the divorce action, the trial court lacked jurisdiction to award the wife the tractor and the backhoe as marital property. See Roubicek v. Roubicek, 246 Ala. 442, 449, 21 So.2d 244, 251 (1945). I also note that Melton, as a nonparty, is not bound by the amended judgment. See Boswell v. Boswell, 189 So.2d 854, 861 (Ala. 1966). However, I do not agree that this court can consider those points in this appeal because the appeal is brought solely by the husband. I do not comment on the procedure that Melton should follow to secure his property rights.